Commonwealth *v*. Antolich et al., Appellants.

Argued November 14, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Walter W. Riehl*, with him *James A. Wright*, for appellants.

*Elmer T. Bolla*, Deputy Attorney General, with him *Anne X. Alpern*, Attorney General, for Commonwealth, appellee.

OPINION BY ERVIN, J., December 14, 1960:

These are two separate appeals, taken by William Antolich and Gilbert Whitmer, from orders of the County Court of Allegheny County, dismissing the appeals[1] taken from the decision of the Secretary of Revenue suspending their operators' licenses for a period of one year on the charge of racing on the highway.

The suspensions were directed under the provisions of §1001 of the Act of May 1, 1929, P. L. 905, and its amendments, 75 PS §481, which provides: "Reckless driving is unlawful, and, for the purpose of this act, is construed to include the following: . . . (c) Any person who shall participate in any physical endurance test, or any race or speed contest, with a motor vehicle on any highway."

The present appeals come to this Court under the 1956 amendment (Act of May 29, 1956, P. L. 1850, §1) to §616 of The Vehicle Code, of May 1, 1929, P. L.

---

[1] The hearing before the court below is de novo and the hearing judge is required to make his independent findings of fact and exercise his discretion as to whether or not a suspension should be decreed: *Com. v. Emerick*, 373 Pa. 388, 397, 96 A. 2d 370.

905.[2]  This section, as amended, provides: "Any person, whose operator's license or learner's permit has been suspended, or who has been deprived of the privilege of applying for an operator's license or learner's permit under the provisions of this act, shall have the right to file a petition, within thirty (30) days thereafter, for a hearing in the matter in the court of common pleas of the county in which the operator or permittee resides, other than Allegheny County, and in Allegheny County, in the County Court of Allegheny County.  Such courts are hereby vested with jurisdiction, and it shall be their duty, to set the matter down for hearing upon thirty (30) days' written notice to the secretary, and thereupon to take testimony and examine into the facts of the case, and to determine whether the petitioner is subject to suspension of operator's license or learner's permit, or whether he may be deprived of the privilege of applying for an operator's license or learner's permit by the secretary under the provisions of this act.  The jurisdiction of the County Court of Allegheny County conferred hereby shall be exclusive within the territorial limits of its jurisdiction.

*"Any party aggrieved by a decision of a court of common pleas or of the County Court of Allegheny County shall have a right of appeal to the Superior Court: Provided, however, That nothing contained herein shall affect the disposition of any matter pending before the Supreme Court at the time of the enactment of this amendment."*  We have italicized the 1956 amendment.

Prior to the 1956 amendment no express right of appeal was given to either of our appellate courts. Our

---

[2] The new code of April 29, 1959, P. L. 58, 75 PS §101, became effective July 1, 1959 and did not apply to these offenses, which occurred June 21, 1959. Subsection (c) of §481 was repealed by the new code. See 75 PS §1001(3).

Supreme Court took jurisdiction under a broad certiorari and examined the testimony to determine whether the findings of the court below were supported by competent evidence, and to correct any conclusions of law erroneously made: *Com. v. Emerick,* 373 Pa. 388, 392, 96 A. 2d 370. Since the 1956 amendment expressly allowing appeals to the Superior Court, we have held that our scope of review is the same as that theretofore had by the Supreme Court: *Com. v. Fisher,* 184 Pa. Superior Ct. 75, 81, 132 A. 2d 739.

We have examined the record in the court below and find that there was a definite conflict in the testimony. The arresting officer, Edward T. Petras, testified that he observed the defendants in their vehicles shortly before midnight, moving side by side on Route 88, a two-lane highway, with a third person named Mason, not involved in the appeals, directly behind them; that one of the boys began the race by saying "Go"; that at that instant both defendants took off in their vehicles as "fast as a car could take off"; that at the justice of the peace hearing both defendants admitted they were racing.[3] The defendants themselves and their witnesses denied that they had taken part in a race that night. Some of them admitted that they had gone to this particular location with the intention of racing but said that they did not actually engage in a race when they saw the officer. The court below decided the issue of credibility in favor of the Commonwealth.

The action of the hearing court may not be interfered with upon an appeal except for a manifest abuse of discretion or error of law: *Com. v. Wagner,* 364 Pa. 566, 571, 73 A. 2d 676. The action of the court below,

---

[3] Both appellants, who were convicted of the summary offense before a justice of the peace on June 22, 1960, paid their fines and costs and did not appeal therefrom.

in our opinion, did not constitute an error of law nor was there a manifest abuse of discretion.

Orders affirmed. Reinstated suspensions shall be issued by the Secretary of Revenue within 30 days.[4]

---

[4] The suspensions were superseded by an order of the court below pending the appeals to that court and were superseded by an order of this Court pending the argument and disposition of these appeals.