## Anen Motor Vehicle Operator License Case.

380

Argued December 14, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Elmer T. Bolla,* Deputy Attorney General, with him *Anne X. Alpern,* Attorney General, for Commonwealth, appellant.

*James Fitzcharles, III,* for appellee.

OPINION BY WOODSIDE, J., March 22, 1961:

Harry Anen and Jack Spaats had a "drag race" on a four lane highway at about 4:15 o'clock on Sunday afternoon, December 20, 1959. They stopped their automobiles side by side on the highway, and started them simultaneously, accelerating rapidly until they attained a speed which the Commonwealth's evidence indicates was in excess of 65 miles per hour. They raced for nearly a mile until stopped by a state policeman.

The Secretary of Revenue, after a hearing, suspended the motor vehicle operator's license of each participant in the race for one year. Anen appealed to the Court of Common Pleas of Bucks County which ordered the Secretary of Revenue to reduce the period of suspension from one year to four months. The court found from the testimony taken before it that Anen, who was 18 years old and licensed for less than a year and a half, was engaged in racing, but the court thought it was "a relatively minor form of racing," and, as appellant needs a car to get to his place of employment, concluded that the penalty was too severe.

The Secretary of Revenue follows a practice of imposing a one year suspension for racing on a highway. A schedule of the periods of suspensions was adopted by the Secretary and filed in the office of the Department of State according to the provisions of §21 of the Administrative Agency Law of June 4, 1945, P. L. 1388, 71 P.S. §1710-21. Unlike many violations of The Vehicle Code which are the result of thoughtlessness, the offense of racing is a planned, wanton, deliberate violation of an exceedingly dangerous nature. It is a premeditated offense. It demonstrates the immaturity of the offender and proves that he is not worthy of the privilege of operating a motor vehicle on our public highways. Since the commission of this offense by the appellee, the legislature has made drag racing a mis-

demeanor subject to a maximum fine of $500 and imprisonment for three years. Act of January 8, 1960, P. L. 2118. A suspension of one year in such cases generally, and in this case particularly, is reasonable, proper and legal. It is not too severe. See *Com. v. Antolich*, 194 Pa. Superior Ct. 300, 166 A. 2d 541 (1960).

On appeals from the Secretary of Revenue, the courts of common pleas may sustain or reverse an order suspending a motor vehicle operator's license, but ordinarily they have no authority to modify such order.

Section 620 of The Vehicle Code, which authorizes appeals to the court from a suspension by the secretary, gives the court no authority to alter, change or modify the suspension. The section provides: "Any person, whose operator's license or learner's permit has been suspended, . . . shall have the right to file a petition, within thirty (30) days thereafter, for a hearing in the matter in the court of common pleas of the county in which the operator or permittee resides, . . . Such courts are hereby vested with jurisdiction, . . . to take testimony and examine into the facts of the case, and to determine whether the petitioner is subject to suspension of operator's license or learner's permit, . . . ." The Vehicle Code of April 29, 1959, P. L. 58, §620, 75 P.S. §620.

In *Commonwealth v. Garman*, 361 Pa. 643, 646, 66 A. 2d 271 (1949), the Supreme Court said: ". . . As far as The Vehicle Code is concerned, it provides, as already stated, that the court hearing the matter is to determine 'whether the petitioner is subject to suspension of operator's license'; that question must be answered by the court either affirmatively, in which case it should sustain the suspension ordered by the Secretary, or negatively, in which case it should reverse the suspension and direct a reinstatement of the license.

The order made by the court below failed to adopt either of these alternatives and was therefore beyond the limits of the discretion entrusted to it by the statute:"

In *Commonwealth v. Moogerman*, 385 Pa. 256, 122 A. 2d 804 (1956) the court said: ". . . the Secretary of Revenue suspended Miss Moogerman's motor vehicle operating privileges for a period of 90 days. She appealed to the County Court of Allegheny County which, by sustaining the suspension and yet allowing the defendant a limited license, both approved and disapproved the Secretary's action. This self-contradictory order cannot be sustained. In its disposition of this case the County Court misapprehended its authority and function under The Vehicle Code." (p. 257). "If the facts supported a suspension, the appeal was to be dismissed, and if they did not, the appeal was to be sustained. . . . The decision of the County Court in the case at bar, if unreversed, would tend to give ballast to the unsubstantiated notion that the Courts may be called upon to function as ex officio pardon boards to mitigate the penalties which the Legislature empowered the Secretary of Revenue to impose under given conditions." (p. 259).

The court below ignored these pronouncements by the Supreme Court, and instead, as Mr. Justice MUSMANNO said in the above case on page 259: "It adopted a *parens patriae* attitude. It acted like a philosophical but indulgent parent who recognizes and deplores the mischief committed by his child but lacks the hardihood to discipline him for it."

Even in liquor license cases, where the statute authorizes the court to "alter or modify the . . . penalties," we have consistently held that the courts may not reduce the penalties imposed by the board unless they make different basic findings of fact. Act of April 12, 1951, P. L. 90, §471, 47 P.S. §4-471; *Reiter Liquor License Case*, 173 Pa. Superior Ct. 552, 98 A. 2d 465

384

(1953); *E. End Social Club Liquor License Case,* 193 Pa. Superior Ct. 583, 165 A. 2d 253 (1960).

Order of the court below is reversed, and the order of the Secretary of Revenue suspending appellee's license for one year is reinstated.