Rabin Motor Vehicle Operator License Case.

556

Argued November 17, 1961. Before Ervin, Wright, Woodside, Watkins, Montgomery, and Flood, JJ. (Rhodes, P. J., absent).

*Elmer T. Bolla,* Deputy Attorney General, with him *David Stahl,* Attorney General, for Commonwealth, appellant.

*Maurice Rabin,* appellee, in propria persona.

Opinion by Woodside, J., December 14, 1961:

This is an appeal by the Commonwealth from an order of the Court of Common Pleas of Mercer County reversing an order of the Secretary of Revenue which suspended the operator's license of Maurice Rabin for a period of 90 days.

The facts in this case are not in dispute. On April 3, 1960, Rabin was arrested for speeding at a rate of 65 miles per hour in a 50 mile per hour zone. He pleaded guilty to this charge. The secretary held a hearing on September 30, 1960, which resulted in a 90 day suspension. This was the third time within three

years that Rabin had been convicted of speeding. His first offense was on February 1, 1958, when he was convicted of speeding at a rate of 65 miles per hour in a 50 mile per hour zone. The second offense, occurring on January 21, 1960, was for travelling at a rate of 70 miles per hour in a 50 mile per hour zone. As a result of the second offense a 30 day suspension was imposed by the secretary on July 7, 1960.

Although finding the above facts to be true, the court below reversed the secretary's order because it felt that the suspension was "too severe and far reaching to be just". The court based its conclusion upon the following factors: that there would be economic hardship on Rabin; that this suspension would also work a hardship on his employer for whom he worked as a travelling salesman; that the violation was due to inadvertence and involved no other traffic violation, and that Rabin was a careful driver having driven over 400,000 miles in the last 11 years without an accident.

The Vehicle Code of April 29, 1959, P. L. 58, §620, 75 P.S. §620, provides: "Such courts are hereby vested with jurisdiction . . . to take testimony and examine into the facts of the case, and to determine whether the petitioner is subject to suspension of operator's license or learner's permit, . . ."

On appeals from the Secretary of Revenue, the courts of common pleas may sustain or reverse an order suspending a motor vehicle operator's license, but ordinarily they have no authority to modify such order. The court makes its own determination of facts. If the facts support the order of the secretary it must be sustained; if they do not it must be reversed. *Commonwealth v. Moogerman*, 385 Pa. 256, 122 A. 2d 804 (1956); *Anen Motor Vehicle Operator License Case*, 194 Pa. Superior Ct. 379, 382, 169 A. 2d 600 (1961).

It is the practice of the secretary to suspend an operator's license for 30 days upon establishing a sec-

ond violation for speeding and to suspend such operator's license for 90 days upon a third violation. Speed is one of the major factors of serious accidents. The court below should have sustained the order of suspension.

Order of the court below is reversed, and the order of suspension imposed by the Secretary of Revenue is reinstated. A reinstated suspension shall be issued within thirty days.