## Miller Motor Vehicle Operator License Case.

Argued November 17, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Elmer T. Bolla,* Deputy Attorney General, with him *David Stahl,* Attorney General, for Commonwealth, appellant.

*George J. Barco,* with him *Yolanda G. Barco,* and *Barco and Barco,* for appellee.

OPINION PER CURIAM, March 21, 1962:

This is an appeal by the Secretary of Revenue from an order of the Court of Common Pleas of Crawford County directing that the suspension of the operator's license of John Conrad Miller imposed by the secretary for a period of one year be vacated and set aside, and that the case be returned to the secretary for the purpose of imposing "a more equitable period of suspension".

Miller, a seventeen year old boy, was arrested for reckless driving in the Borough of Blooming Valley and paid a fine and costs. Two state policemen testified at the hearing on the suspension that at about 9:35 P.M. on April 6, 1959, they observed two cars standing side by side on the main thoroughfare of Blooming Valley; that these cars started off with a screech of the tires and proceeded through the borough side by side for about 1000 feet. The officers pursued the cars immediately, and with the police siren blowing the two cars drew to the side of the road and stopped, after they had reached a top speed of 40 to 45 miles per hour. Miller was the driver of the one car.

The Secretary of Revenue suspended Miller's license for a period of one year on the ground that he was racing on a public highway. Miller appealed to the Court of Common Pleas of Crawford County which found as a fact "That the defendant did engage in a race on Pennsylvania Route 77 through the Borough of Blooming Valley with one Howard C. Neff, but the maximum speed attained by either the defendant or Neff was 45 miles an hour."

The court below was of the opinion that the defendant violated the law and the secretary had a right to suspend his license, but that the penalty imposed was far heavier than the circumstances warranted. At the time this offense was committed, racing on a public highway was a summary offense, but since that time

the Legislature has made it a misdemeanor.  Act of January 8, 1960, P. L. 2118, 75 P.S. §1041.

The Secretary of Revenue, the Legislature and this Court have all indicated that they consider racing on the public highway a serious offense.  See Secretary of Revenue's schedule of suspensions, Act of January 8, 1960, P. L. 2118, supra, and *Anen Motor Vehicle Operator License Case,* 194 Pa. Superior Ct. 379, 169 A. 2d 600 (1961).

If the secretary imposes a suspension so clearly disproportionate to the offense as to shock the conscience, then the courts have the power to declare the length of the suspension illegal as an abuse of discretion by the secretary and to return the case to him for the imposition of a suspension for a reasonable period.  As stated in *Commonwealth v. Moogerman,* 385 Pa. 256, 263, 122 A. 2d 804 (1956), ". . . a patently disproportionate period of suspension of operating privilege would not be allowed to stand on appeal.  Nor would it be proper to deprive a motorist of his driving privileges if, by way of illustration, with an exemplary driving record behind him, he had on an occasion, without mishap driven 55 miles per hour where the speed limit was 50 miles per hour."

This does not mean, however, that in an appeal from the Secretary of Revenue, a court can substitute its judgment of the proper period of suspension for the judgment of the Secretary of Revenue.

We think this case is governed by the *Anen* case, supra.  As suggested in that case, racing on a public highway is a planned, wanton, deliberate violation of an exceedingly dangerous nature.  A suspension of one year in this case is not so unreasonable as to amount to an abuse of discretion on the part of the secretary.

Order of court below reversed; order of suspension by Secretary of Revenue reinstated.  Reinstated suspension shall be issued within thirty days.