## Kunkle License

96

*Prutzman & Quinn*, for appellant.

*Marianne S. Lavelle*, for Secretary of Revenue.

HEIMBACH, P. J., August 31, 1962.—Appellant herein was convicted of speeding at the rate of 70 miles per hour in a 50 mile per hour speed zone in the State of New Jersey, and thereafter, following a hearing, his license to drive in Pennsylvania was suspended for two months. Appellant took an appeal to the Court of Common Pleas of Carbon County from such suspension.

At the trial, Commonwealth's counsel offered into evidence as exhibit no. 1 the notice of conviction which it had received. The exhibit consisted of a photostatic copy of the typewritten conviction report of the magistrate, together with the certification of Charles M. Dougherty, Secretary of Revenue of the Commonwealth of Pennsylvania, that such report was a true and correct copy of the report received by the Commonwealth of Pennsylvania, Bureau of Traffic Safety, Department of Revenue, and, as such, has been made a part of the driving record of William J. Kinkle (Kunkle). The conviction report indicates that Wilbur J. Kunkle, of 319 North Eleventh Street, Leighton (Lehighton), Pennsylvania, was arrested for speeding at 70 miles per hour in a 50 mile per hour zone at

12:05 p.m., September 14, 1961, on Route 322 in the Township of Hamilton, Atlantic County, New Jersey, and that he pleaded guilty before Judge Milton J. Schusler and was fined $20. The report is stamped, "Rec'd D.M.V. Oct. 16, 1961," and the information is on a printed form, with the following printed statement on the bottom thereof, viz., "New Jersey Division of Motor Vehicles—Magistrate's Report—Disposition of Traffic Violation—MF-1 (R-5-60)."

The Commonwealth also introduced into the record a letter from the Secretary of Revenue, addressed to appellant, advising him that a notice of a speeding conviction had been received by the department and that he was subject to a two month license suspension. On such letter was a form for requesting a hearing. Appellant signed such hearing request form.

The Commonwealth likewise introduced into the record the prior driving record of Wilbur J. Kunkle, which shows that on October 21, 1959, he was convicted of speeding at 65 miles per hour in a 50 mile per hour zone.

The Commonwealth then rested.

Appellant demurred to the Commonwealth's evidence, contending that the conviction report does not constitute notice of conviction, since there is nothing before the court to show from whom such report was received. The Secretary of Revenue, in his certification, states that the report was received from New J. Parsekian, Acting Director, Department of Motor Vehicles, Trenton, New Jersey, but counsel for defendant argues that such statement has no probative value, since it is inadmissible as not being part of the official record, but merely a volunteered statement on the part of the Secretary of Revenue.

We agree that such statment is not admissible, since it is not part of any records, books, papers, documents

and rulings of the secretary, as is required by section 1224 of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §1224, which provides:

"Any certified copies, or certified photostatic copies, of any records, books, papers, documents, and rulings of the secretary, when certified under the seal of the department by its duly authorized agent, shall be acceptable as evidence in the courts of this Commonwealth with the same force and effect as the originals, in all cases where such original records, books, papers, documents, and rulings would be admitted in evidence."

We need not consider the statement of Secretary of Revenue Dougherty, however, in the determination of this matter. The suspension proceedings have been brought under section 618(e) of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §618, which provides:

"(e) The secretary is hereby authorized after a hearing before the secretary or his representative, or upon failure of the said person to appear at such hearing, to suspend the operator's license or learner's permit of any person licensed in this Commonwealth, upon receiving notice of the conviction of such person in another state of an offense therein which, if committed in this Commonwealth, would be grounds for the suspension or revocation of the license of an operator."

Section 618(e) does not require that a letter of transmittal of such out-of-State conviction be sent to the secretary by any particular official or the sender of such notice be disclosed. All that is required is that the secretary receive notice of the conviction, and by case decision such notice must be an "official" notice from that State: Commonwealth v. Halteman, 192 Pa. Superior Ct. 379, 385. A report of a magistrate who imposed the fine is an official notice: Witsch Motor Vehicle Operator License Case, 194 Pa. Superior Ct. 384, 387. Neither must it be certified: Witsch Motor Vehicle Operator License Case, supra, at 388.

Under section 1224 of The Vehicle Code, supra, the photostatic copy of the magistrate's conviction report on file in the Department of Revenue is admissible into evidence without further proof. That report, prepared by a magistrate, establishes that appellant was convicted of the offense of speeding.

The Commonwealth, having made out a prima facie case, properly rested. We quote from Witsch Motor Vehicle Operator License Case, supra, at 385:

"When an appeal is taken to the court of common pleas from a suspension made by the secretary under the above provision [Sec. 618(e) of the Vehicle Code], the Commonwealth should offer into evidence the notice which it received of the appellant's conviction. The licensee must be given an opportunity to be heard at which time he may testify and present other evidence that he was not convicted 'in another state of an offense therein which, if committed in this Commonwealth, would be grounds for the suspension or revocation of the license of an operator.' "

Appellant likewise contends that the Commonwealth did not prove that appellant was afforded a hearing. We hold that such proof does not have to be forthcoming from the Commonwealth, but it is a matter for defense. Appellant does not deny that he was given a hearing, but questions the sufficiency of the hearing. Appellant's argument is answered by Judge Woodside in Witsch Motor Vehicle Operator License Case, supra, at 388, where he says:

"A hearing on the question of suspension is not a criminal procedure. The question is whether the operator may continue to exercise a privilege. Procedural and evidential burdens may be placed upon those seeking to exercise a privilege that may not be placed upon those charged with crime, or even upon those defending property rights. For example, one seeking the privilege of operating a motor vehicle on the Commonwealth's

highways is required to take an examination in order to prove to the Commonwealth that he is worthy of the privilege. Not only one seeking the privilege for the first time, but also, under certain circumstances, one wishing to continue the privilege already granted, may be required to establish to the Commonwealth's satisfaction that he is worthy of such privilege. There is, therefore, nothing unconstitutional, illegal, unfair or unusual for the legislature to authorize the secretary to say, in effect, to a licensee: 'We have received notice of your conviction of a certain offense in another state, which indicates an abuse of your privilige to operate a motor vehicle. You have the opportunity to appear and deny that you were convicted of such offense. If you do not deny the conviction, we shall conclude our information is correct, and we shall suspend your privilege to operate.'

"The legislature might have said that the secretary could suspend an operator's license after his 'conviction' of certain offenses in another state, or after a 'certification' of his conviction or after 'proof' of his conviction, all of which would have required more formal proof of the conviction. But it did none of these. It required only 'notice of conviction.' "

We dismiss appellant's demurrer.

At the hearing, we advised counsel for appellant that we would not rule on the demurrer, but, in order to expedite matters and not require a further hearing, we would take appellant's testimony on the merits. This we did.

Appellant admitted having paid a fine of $20 on the charge of speeding at the place stated in the report of the magistrate. This constitutes an admission of conviction: Commonwealth v. Halteman, supra. Neither did he deny that he was speeding. As a matter of fact, he admitted exceeding the speed limit and offered no

excuse for such speeding. He testified that he would suffer severe hardship, being an automobile dealer, if this appeal is not sustained.

Undoubtedly appellant will suffer severe economic hardship as a result of this suspension, and we would, were we able to, modify the secretary's order. Unfortunately, we may not. A court of common pleas has no authority to modify the secretary's order: Anen Motor Vehicle Operator License Case, 194 Pa. Superior Ct. 379. Neither does economic hardship, standing alone, excuse the violation: Commonwealth v. Emerick, 373 Pa. 388.

The only question before us is whether appellant was convicted of an offense in another State which, if committed in this Commonwealth, would be grounds for the suspension or revocation of a license of an operator: Hall Motor Vehicle Operator License Case, 196 Pa. Superior Ct. 346. We answer the question in the affirmative.

Therefore, the appeal of Wilbur J. Kunkle from the action of the Secretary of Revenue suspending petitioner's operating privileges for a period of two months be and the same is hereby dismissed.