**William Russell BURCH, Petitioner,**

v.

**BOARD OF COMMISSIONERS of the District of Columbia, Respondent.**

No. 3130.

District of Columbia Court of Appeals.

Reargued May 22, 1963.

Decided June 5, 1963.

J. Joseph Barse, Washington, D. C., for petitioner. Walter J. Murphy, Jr., Washington, D. C., also entered an appearance for petitioner.

Ted D. Kuemmerling, Asst. Corporation Counsel, with whom Chester H. Gray, Corporation Counsel, Milton D. Korman, Principal Asst. Corporation Counsel, and Hubert B. Pair, Asst. Corporation Counsel, were on the brief, for respondent.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

This is an appeal from an order of the Department of Motor Vehicles revoking petitioner's license for operating a motor vehicle "in flagrant disregard for the safety of persons and property" and for violating a "restriction on [his] District of Columbia operator's permit."

The accident which led to this revocation occurred while petitioner, sixteen years of age, was operating a Willys panel truck owned by his father. Petitioner and two companions were driving on Ridge Road, S.E., when an unidentified vehicle forced the panel truck off the road. As a result, petitioner lost control of the truck and one of his companions was thrown from the vehicle and killed. The Juvenile Court held

a formal trial on allegations analogous to those of negligent homicide, and at the close of the government's case dismissed the charges against petitioner. In an unusual procedure, the court's formal order made specific findings of fact to the effect that petitioner's conduct was not the proximate cause of the accident or the death. However, the court fined petitioner $25 for operating a commercially-titled vehicle in violation of a restriction on his operator's permit. This restriction, which appears on all permits of persons under eighteen years of age, provided: "Until holder is 18 years old may operate passenger pleasure vehicles only and not for compensation." Counsel for petitioner had stipulated that the Willys panel truck was commercially-titled and not a passenger pleasure vehicle.

Petitioner's contention is that the Director of Motor Vehicles abused his discretion in ordering revocation. He contends that the findings of the Juvenile Court established that petitioner did not operate the panel truck "in flagrant disregard for the safety of persons and property," and that a technical violation of a permit restriction does not constitute sufficient grounds for revocation.

Commissioners' Order No. 296,973/1–1371A, dated December 30, 1952, as amended,[1] provides:

"\* \* \* The Director of Motor Vehicles shall put into effect a point system for the suspension and revocation of motor vehicle operator's permits. Points will be assessed only after a conviction or forfeiture of collateral. In any case involving a person under 18 years of age points will be assessed only after adjudication by the Juvenile Court \* \* \* If the court finds that the operator has committed a traffic violation or violations points will be assessed as provided by this Order. \* \* \*"

The order assesses twelve points for "operating in violation of restriction," and a twelve-point violation calls for revocation.

While the record reveals the existence of mitigating factors, the revocation of petitioner's license for a violation amounting to twelve points was within the administrative discretion of the Director of Motor Vehicles. We have carefully reviewed the record and find no abuse of this power.

Consequently, we find it unnecessary to reach petitioner's contention that the specific findings of the Juvenile Court precluded the Director of Motor Vehicles from finding that petitioner drove a motor vehicle in flagrant disregard for the safety of persons and property.[2] The finding of operating in violation of a restriction was sufficient basis for the order of revocation.

Affirmed.

---

1. Part V, Traffic & Motor Vehicle Regulations of the District of Columbia.

2. Cf. Kuhn v. Civil Aeronautics Board, 87 U.S.App.D.C. 130, 135, 183 F.2d 839, 844 (1950).