Theodore THALIS, Petitioner,

v.

George A. ENGLAND, Director of Motor Vehicles of the District of Columbia, Respondent.

No. 3285.

District of Columbia Court of Appeals.

Argued July 29, 1963.

Decided Sept. 24, 1963.

Allan Fisher, Washington, D. C., for petitioner.

Ted D. Kuemmerling, Asst. Corp. Counsel, with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for respondent.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

This is an appeal from an order of the Director of Motor Vehicles denying petitioner's application for restoration of his operator's permit. Petitioner contends that his case was not "fairly heard." [1]

On August 17, 1962, petitioner requested a hearing to inquire into the denial of his application. His request was granted and the hearing was held on August 31, 1962, at which time petitioner and counsel were present. At the close of the hearing the application was denied because petitioner had an accumulation of seventeen points for traffic violations. Petitioner was advised that he could reapply after the expiration of six months. Petitioner makes no claim that he was denied due process at this hearing.

Thereafter, in September 1962, petitioner submitted additional evidence to the Director in the hope of obtaining discretionary restoration. Because of petitioner's past hospitalization history, the Director, before considering petitioner's case, sought to establish his mental fitness to operate a motor

---

2. Jack Pry, Incorporated v. Drazin, D.C. Mun.App., 173 A.2d 222, 223; Drazin v. Jack Pry, Incorporated, D.C.Mun.App., 154 A.2d 553, 554.

1. Ritch v. Director of Vehicles & Traffic of District of Columbia, D.C.Mun.App., 124 A.2d 301 (1956).

vehicle.[2] Petitioner was invited to submit to a psychiatric examination at the Mental Hygiene Department. In due course the psychiatric report was received. It concluded:

> "Since this individual's judgment tends to become paranoid in the face of minor stress, it is unlikely that he would be a cautious and courteous driver in trying circumstances."

After considering this report, the Director, on October 25, 1962, denied petitioner's application.

Subsequently, on January 14, 1963, petitioner submitted to the Director an independent case report by a psychiatrist in private practice. This report concluded:

> " * * * From study of this case, I see no evidence why this patient could not be granted a driver's permit, so that he could work on a parking lot. In fact it might help him greatly in his effort to reestablish and rehabilitate himself, thus making him feel a worthwhile citizen again."

Thereafter the Director arranged for petitioner's appearance before the Traffic Medical Advisory Board for a review of his case. This appearance took place on February 28, 1963, and lasted for approximately five minutes within which time petitioner answered several questions. The Board's written recommendation to the Director of Motor Vehicles was adverse to petitioner, and the Director again denied restoration of petitioner's operator's permit.

Petitioner contends that the short hearing before the Traffic Medical Advisory Board was a denial of the rudimentary requirements of fair play. While admitting that he has not established a case for restoration of his permit, petitioner argues that we should remand to the Director for the purpose of giving him another hearing before the Board. We disagree.

We find that the Director did not abuse his power when he denied petitioner's application for restoration of his operator's permit. Indeed, we feel the Director was eminently fair in his treatment of petitioner's case. Certainly, there was substantial evidence to support the denial of petitioner's application after the August hearing when it was established that petitioner had accumulated seventeen points.[3] Consequently, neither the unfavorable report of the Mental Hygiene Department nor the favorable report of the independent psychiatrist could eliminate these points from petitioner's record. Accordingly, the administrative defects, if any, which occurred at the hearings before the Traffic Medical Advisory Board did not affect the substantial evidence supporting the order.

Affirmed.

2. Code 1961, § 40–301(a) (1)

3. Burch v. Board of Commissioners of the District of Columbia, D.C.App., 191 A.2d 604 (1963).