## Levow License

*Thomas A. Reap, Jr.*, for appellant.

*Jack Sirott*, for Commonwealth.

FULLAM, December 11, 1963.—In this license suspension appeal, after hearing held on March 30, 1962, we make the following

## Findings of Fact

1. Appellant, Mordecai Levow, is a resident of Levittown, Bucks County, Pa.

2. On November 28, 1960, at about 9:45 a.m., appellant was operating his Dodge sedan on U. S. Route 1, in the Borough of Penndel, Bucks County, at a speed of 49 miles per hour, in a posted 35 mile speed zone.

3. Appellant subsequently paid a fine and costs for this violation.

4. Route 1 is a four-lane highway. The weather was clear, the road was dry, and traffic conditions were light.

5. Appellant is the educational director of a synagogue in Camden, New Jersey.

6. The offense mentioned above was appellant's first reported infraction of The Vehicle Code.

## Discussion

The police officer who lodged the information against appellant testified that he clocked appellant at 50 miles per hour in a 35 mile speed zone, properly posted. However, the certificate of speedometer accuracy, which was read into the record pursuant to stipulation,

certifies that the speedometer in the police vehicle "was tested for accuracy and found to be ninety-eight percent accurate."

We have considerable doubt as to just what such a certification means. Conceivably, it might mean that the speedometer proved to be accurate 98 percent of the time that it was in operation, or at 98 percent of the speeds at which it was tested. If either of these interpretations were adopted, the Commonwealth's evidence of speed would have little or no probative value. However, we shall adopt for purposes of this case the interpretation which seems most reasonable, namely, that at every speed registered, and at all times, the speedometer produces a reading which is two percent inaccurate.

Unfortunately for the Commonwealth's position in this case, we have no way of knowing whether the speedometer registered higher or lower than the true speed. Since the Commonwealth has the burden of proof, it would seem that appellant is entitled to the more favorable inference, and we have therefore found as a fact that the true speed of appellant's vehicle was 49 miles per hour.

The Secretary of Revenue has promulgated a "Schedule of Suspensions and Revocations" representing the policy, and apparently the regulations, adopted by his department in the exercise of his discretionary power to impose suspension penalties. While this schedule is not a part of the record in this case, it is apparently proper for us to consider it in cases of this kind. See Anen Motor Vehicle Operator License Case, 194 Pa. Superior Ct. 379, 381 (1961). Reference to this schedule indicates that it is not the policy of the Secretary of Revenue to impose a suspension penalty for a speeding violation unless the speed is "fifty miles per hour or more." It therefore seems clear to us that, according to his own schedule, the secretary should

not have imposed a suspension penalty in this case.

Even if we disregard the established policies of the Department of Revenue, and even if we were to assume that appellant was traveling 51.02 miles per hour, the circumstances of the violation tend to mitigate its seriousness, and appellant had a clean driving record.

### Order

And now, December 11, 1963, for the reasons set forth in the foregoing opinion, the order of the Secretary of Revenue suspending the operating privileges of appellant, Mordecai Levow, for a period of 30 days beginning June 27, 1961, is hereby reversed.