WADSWORTH CRESSE, Jr., RESPONDENT-CROSS-APPEL-
LANT, v. NED J. PARSEKIAN, DIRECTOR OF THE DIVI-
SION OF MOTOR VEHICLES IN THE DEPARTMENT OF
LAW AND PUBLIC SAFETY OF THE STATE OF NEW
JERSEY, APPELLANT.

Argued September 22 and October 6, 1964—Decided November 2, 1964.

Mr. *Morris Yamner,* Deputy Attorney General, argued the cause for appellant (Mr. *Arthur J. Sills,* Attorney General of New Jersey, attorney).

Mr. *Sam Denstman* argued the cause for respondent-cross-appellant (*Messrs. Simon, Jaffe & Denstman,* attorneys).

PER CURIAM. ▮ Wadsworth Cresse, Jr. and Charles Bailey were drivers of cars involved in a collision. A passenger in the Bailey car was killed in the accident. The Director of the Division of Motor Vehicles, after a hearing (see 75 *N. J. Super.* 405 (*App. Div.* 1962)), found Cresse had violated *N. J. S. A.* 39 :4–144 and suspended his driving privileges for one year. On appeal, the Appellate Division agreed that Cresse had violated the statute but made factual findings which differed from those made by the Director. It found that Bailey was negligent and that his negligence was the chief cause of the accident; in contrast, the Director had determined that the accident was Cresse's fault alone and had occurred while Bailey was proceeding lawfully. In a comprehensive opinion by Judge Gaulkin, the Appellate Division remanded the matter to the Director for further hearing and determination. See 81 *N. J. Super.* 536 (1963). Thereafter

cross-petitions for certification were granted. See 41 *N. J.* 587 (1964).

The record amply supports the Appellate Division's factual determinations and its legal conclusion that Cresse had violated *N. J. S. A.* 39:4-144 by his failure to make further observation as he moved into the intersection where the collision occurred. Accordingly, we find no error in its action remanding the matter for a hearing to be confined to the issue of suspension and its duration. See 81 *N. J. Super.,* at *p.* 552. Indeed, we certified not because of any doubts as to the foregoing but because of an expressed fear that the Appellate Division's statement (81 *N. J. Super.,* at *p.* 549) that it would be improper for the Director to fix minimum suspensions for violations which contribute to fatalities would endanger other policies of the Division of Motor Vehicles.

In *Hough v. McCarthy,* 54 *Cal. 2d* 273, 5 *Cal. Rptr.* 668, 353 *P. 2d* 276 (1960), the California Supreme Court had occasion to deal with a departmental policy of automatic suspension. Unlike our statutory provision imposing a mandatory suspension on conviction of drunken driving (*N. J. S. A.* 39:4-50), California gives the convicting magistrate discretionary power to suspend. Its motor vehicle department's policy was to impose a suspension in every case of a drunken driving conviction and this policy was sustained by the court in its application to a case where no suspension had been imposed by the magistrate. The court found that the discretionary authority vested in the motor vehicle director, comparable to that granted in our State by *N. J. S. A.* 39:5-30, had been properly exercised and was broad enough to sustain the departmental policy. Although there was no indication as to the prescribed minimum period for the automatic suspension, the court's opinion leaves little doubt that it would sustain any reasonable minimum. 353 *P. 2d,* at *pp.* 284-285.

■■ While motor vehicle license revocations and suspensions are mainly designed to protect the public by removing the offenders from the road (*Atkinson v. Parsekian,* 37 *N. J.* 143, 155 (1962)) they undoubtedly have punitive incidents,

as well as deterrent effects which also serve to protect the public. These deterrent effects may well be strengthened by the announcement of minimum suspension policies. So long as the policies are reasonably grounded and formulated they would appear to come within the wide statutory powers vested by our Legislature in the Division of Motor Vehicles. See *N. J. S. A.* 39:2-1 *et seq.; Bechler v. Parsekian,* 36 *N. J.* 242, 251 (1961); *cf. Burch v. Board of Commissioners,* 191 *A.* 2d 604, 605 (*D. C. Ct. App.* 1963); *Re Appeal of Rabin,* 196 *Pa. Super.* 555, 176 *A.* 2d 460, 461 (*Super. Ct.* 1961); *Sturgill v. Beard,* 303 *S. W.* 2d 908, 911 (*Ky. Ct. App.* 1957). We need go no further here since, while the Division has other minimum suspension policies (*e. g.,* suspension of at least 30 days in speeding cases where the limit of 50 miles per hour or more is exceeded by at least 10 miles per hour), those policies are not before us and the Division denies that it has any minimum suspension policy governing violations contributing to fatalities.

On the remand the Director will conduct an individual hearing in the manner called for by the Appellate Division (81 *N. J. Super.,* at *p.* 549) and will determine whether Cresse should be suspended and, if so, for how long. In reaching his new determination the Director will, of course, be bound by the factfindings of the Appellate Division; and, in particular, he will give weight to the nature of Cresse's violation and consideration to the fact that whereas the original suspension of one year was based on the view that Cresse was solely responsible for the accident, it has now been judicially ascertained that Bailey and not Cresse was primarily responsible.

Affirmed.

*For affirmance* — Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For reversal*—None.