## MacBain License

152

*Edward F. Kane,* for appellant.

*Jack Rounick,* for Commonwealth.

DITTER, J., April 14, 1967.—This is an appeal from the suspension of an automobile operator's license by the Secretary of Revenue under the point system set up by The Vehicle Code.

In 1966, the Legislature of Pennsylvania added section 619.1 to The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §101, etc. The purpose of section 619.1 was to provide a system of points, or definite penalties, in connection with certain violations of the code. Section 619.1 requires that the secretary keep records of convictions for each licensed driver and that the secretary suspend the privileges of drivers who have accumulated 11 or more points.

Petitioner, Wallace MacBain, was assigned six points for exceeding a speed limit by 16 miles an hour. At the time of the hearing on his appeal, it was explained that an additional five points had been assigned to petitioner because of his failure to attend a driver improvement school, as provided for in section 619.1(f).

The Commonwealth contends that section 619.1 contains no provisions for an appeal from the assignment of points and, therefore, moved to quash the present petition. Moreover, it is the Commonwealth's position that the points were properly assigned and that once the total of 11 has been reached, suspension is mandatory and not discretionary on the part of the secretary.

We agree that there is no right of appeal from the assignment of points, but we do not agree that there is no appeal from the suspension of the privilege to operate a motor vehicle. Section 619.1 is not a dangling thread, but a part of the fabric of The Vehicle Code. Section 620, as amended, 75 PS §620, provides:

"Any person whose operator's license or learner's permit has been suspended . . . *under the provisions of this act*, shall have the right to file a petition . . . for a hearing in the matter in the court of common pleas . . . Such courts are hereby vested with jurisdiction, and it shall be their duty . . . to take testimony and examine into the facts of the case, and to determine whether the petitioner is subject to suspension of operator's license privilege to operate a motor vehicle . . ." (Italics added). Plainly, section 620 does not differentiate between mandatory suspensions such as those provided by section 616 and section 619.1, and discretionary suspensions, as provided for in sections 618 and 619. Therefore, we did not err when we refused to quash the appeal without giving petitioner an opportunity for a hearing.

The Commonwealth presented evidence that petitioner was guilty of exceeding the speed limit by 16 miles an hour. We were, therefore, satisfied that the first six points had properly been assigned to petitioner's record. However, the Commonwealth presented no evidence that petitioner had been notified to go to a driver improvement school and, therefore, no justification for the addition of five points, the penalty for nonattendance.

Section 619.1(f) states: "When any person's record for the first time shows as many as six (6) points, the secretary shall . . . require such person to attend an approved driver improvement school . . . and *shall so notify the person in writing*". (Italics added). It is perfectly obvious that if the secretary has failed to

send the required written notice, the penalizing points should not be assessed. Since there was no testimony at all concerning the notice, the only question is whether the burden of proof is upon the secretary to show that he sent it, or upon petitioner to show that he did not receive it.

We conclude that the burden is upon the Secretary of Revenue to show that he complied with all of the requirements of the code, if the suspension of a license is to be sustained. Hearings from the discretionary suspension of licenses are held de novo, and the hearing judge is required to make his own findings of fact and then decide whether the suspension should have been decreed: Commonwealth v. Antolich, 194 Pa. Superior Ct. 300, 301 (1960). The burden of proof in such cases is upon the Commonwealth to establish the grounds of suspension by the fair weight of the evidence: Commonwealth v. Anderson, 21 Beaver 167 (1960). There is no reason why different rules should be created for mandatory suspensions required by section 619.1.

And now, April 14, 1967, the action of the Secretary of Revenue in suspending the license of Wallace Mac-Bain is hereby reversed, and it is hereby ordered that his driving privileges shall be restored. This order shall not be construed, however, to prevent the secretary from notifying Wallace MacBain to attend driver improvement school, from penalizing him by the assignment of points, should he fail to do so, and, should he fail to attend or should he be assigned additional points for violation of the code, from thereafter suspending his driving privileges should his point total equal 11 or more.