## Tomid License

*Samuel Glantz*, for appellant.

*William H. Eastburn*, for Commonwealth.

MONROE, J., April 9, 1970.—This is an appeal by John H. Tomid, of 298 Oak Tree Drive, Levittown, Bucks County, Pa., from an order of the Secretary of Revenue of the Commonwealth of Pennsylvania, dated January 21, 1965, suspending appellant's operator's license for a period of three months. The appeal was made a supersedeas. Hearing on the appeal was held

before the undersigned on March 12, 1965. The order of suspension was based upon the authority granted to the secretary by section 618(b)(2) of The Vehicle Code of April 29, 1959, P.L. 58, and was for an alleged violation by appellant on June 18, 1964, of section 626 of the code, which provides:

"No person shall authorize or permit a motor vehicle or tractor owned by him or under his control to be operated by any person who has no legal right to do so, or in violation of any of the provisions of this act."

The order of suspension did not specify in what manner appellant had violated section 626; however, at the hearing before the undersigned it developed that the Commonwealth was contending that appellant had permitted his motor vehicle to be operated in violation of the speeding regulations of the code, without specificity as to the section or subsection allegedly violated. From the testimony it may be assumed that it was for an alleged violation of section 1002(b)(4).[1]

The hearing is de novo upon an appeal from an order of the Secretary of Revenue suspending an operator's license for a violation of section 626 of

---

[1] "(b) Subject to the provisions of subsection (a) of this section, speeds in excess of the maximum limits hereinafter provided shall be unlawful: . . .

"(4) Twenty-five (25) or thirty-five (35) or forty (40) miles an hour speed limit: All vehicles, except those restricted by this act to lower maximum speeds, within business or residence districts, or public park areas, where official signs, erected by the proper authorities, on the right-hand side of the highway facing the traffic to be controlled, or on the left-hand side of one-way streets, are displayed. This limit shall be observed for a distance beyond said sign for not more than one-eighth (⅛) of a mile. An additional sign shall be placed at intervals not greater than one-eighth (⅛) of a mile, and any extension of such limited zone shall be marked by additional signs in like manner. At the end of such limited zone, there shall be an official sign, similarly placed as to traffic, indicating the end of the limited zone."

The Vehicle Code: Moyer Automobile License Case, 359 Pa. 536 (1948); Commonwealth v. DeSanzo, 40 D. & C. 2d 157, and it is the court's duty to hear the witnesses of the Commonwealth and of the licensee and, from the testimony taken, to determine anew whether the operator's license should be suspended: Commonwealth v. Funk, 323 Pa. 390, 399 (1939); Bureau of Highway Safety v. Wright, 355 Pa. 307, 310 (1946); Commonwealth v. Antolich, 194 Pa. Superior Ct. 300 (1960). At the hearing on this appeal, the Commonwealth's case rested entirely upon the testimony of Officer Elliott Bainbridge, of the Falls Township Police force of Bucks County, Pa. He testified that on June 18, 1964, while on patrol with another police officer, he observed a motor vehicle proceeding north on the Tullytown-Fallsington Road, at a speed which appeared to be in excess of the legal limit. He followed in the police car. The vehicle turned into North Park Drive where the speed limit was 25 miles per hour. There, the witness clocked the vehicle for a distance of two-tenths of a mile at a speed of 45 miles per hour. The vehicle proceeded to New School Lane where it stopped. At that place, the officer interrogated the persons whom he had observed in the vehicle, an operator and two passengers. Appellant, one of the passengers, produced a registration certificate for the vehicle establishing that the vehicle was registered in his name. The operator was a male, Thomas Rich. The officer testified that he instituted summary prosecutions before a justice of the peace against Rich for a "violation of 1002" and against appellant for a violation of The Vehicle Code and that both were found guilty. Appellant admitted the institution of the prosecutions and that, although he and Rich each pleaded not guilty thereto, the justice of the peace nevertheless found them to be guilty.

The foregoing is the extent of the Commonwealth's

evidence. It is not sufficient to justify the suspension of appellant's license. It is insufficient to establish Rich's violation of any speeding provision of The Vehicle Code. With respect to the timing of speed of vehicles by municipal police officers,[2] The Vehicle Code, at the time of the alleged violation, provided, section 1002(d)(1):

"When the rate of speed of any vehicle is timed on any highway within a business or residence district, where official speed limit signs are erected, as provided in this section, for the purpose of ascertaining whether or not the operator of such vehicle is violating a speed provision of this act, such time may be taken by not less than two (2) peace officers, one of whom shall have been stationed at each end of a measured stretch, and no conviction shall be had upon the unsupported evidence of one (1) peace officer, except as hereinafter provided, and no such measured stretch shall be less than one-eighth (⅛) of a mile in length or, under any conditions, the rate of speed may be timed, for a distance of not less than one-quarter (¼) mile, by a peace officer using a motor vehicle equipped with a speedometer tested for accuracy within a period of thirty (30) days prior to the alleged violation. An official certificate from an official speedometer testing station, showing such test was made, that the speedometer was adjusted for accuracy, if necessary, the date thereof, and the degree of accuracy of such speedometer, shall be competent and prima facie evidence of the fact that such certificate was issued by an official speedometer testing station appointed by the secretary, and of the accuracy of the speedometer, in every proceeding where an information is brought charging a violation of this section."

It is obvious that there was no attempt to time

[2] Timing of speed by radar is limited to Pennsylvania State Police.

appellant's vehicle by two police officers at each end of a measured stretch, but that the timing was done by the Commonwealth's witness and his companion clocking appellant's speed by the speedometer in the police vehicle following appellant's car. The deficiencies in the Commonwealth's case in this respect is that admittedly the appellant's vehicle was timed for a distance of two-tenths of a mile and not the quarter of a mile distance required by the act, and there was no competent evidence that the speedometer of the police vehicle had been tested for accuracy within a period of thirty days prior to the alleged violation: Commonwealth v. Simons, 214 Pa. Superior Ct. 337 (1969). Furthermore, if, as we have assumed, Rich's alleged violation was a speed in excess of the maximum limits provided in section 1002(b)(4), there was no evidence that official signs had been erected upon the side of North Park Drive as required by that provision.

The officer's testimony that he timed appellant's vehicle, which Rich was driving, for a distance of only two-tenths of a mile completely annihilates any probative value his testimony, and appellant's admission, that the justice of the peace had found Rich guilty of a speeding violation, had as tending to show that appellant had permitted a violation of the code.

Having failed to establish a violation of The Vehicle Code by Rich, it necessarily follows that the Commonwealth has failed to establish appellant's violation of section 626 of the code.

## ORDER

And now, April 9, 1970, for the reasons set forth in the foregoing opinion, the appeal of appellant, John H. Tomid, from the order of the Secretary of Revenue dated January 21, 1965, suspending appellant's motor vehicle operator's license for a period of three months is sustained, and the order of the secretary is reversed.