NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4157-15T4

NEW JERSEY MOTOR
VEHICLE COMMISSION,

 Petitioner-Respondent,

v.

GERARD J. REDMOND,

 Respondent-Appellant.
____________________________

 Argued September 18, 2017 – Decided October 16, 2017

 Before Judges Sabatino and Whipple.

 On appeal from New Jersey Motor Vehicle
 Commission.

 James N. Butler, Jr. argued the cause for
 appellant.

 Jennifer R. Jaremback, Deputy Attorney
 General, argued the cause for respondent
 (Christopher S. Porrino, Attorney General,
 attorney; Melissa H. Raksa, Assistant Attorney
 General, of counsel; Ms. Jaremback, on the
 brief).

PER CURIAM
 Respondent, Gerard J. Redmond, appeals from a final decision

of the Commissioner of Motor Vehicle (Commissioner) suspending his

driver's license after a motor vehicle accident involving a

fatality. We remand for the following reasons.

 On May 8, 2011, respondent was stopped at a traffic light at

an intersection in Jackson Township when a large insect entered

his passenger side window and startled him. When he tried to swat

the insect, his foot slipped off the brake, and respondent's

vehicle entered the intersection, where it collided with a vehicle

operated by the decedent. The decedent had the green light as he

was travelling through the intersection.

 A Jackson police officer arrived at the scene and interviewed

both drivers. The officer described both individuals as alert,

calm, and able to answer questions. Respondent reported no injury

to the officer, described the accident, and was issued a summons

for failure to observe a traffic control device. N.J.S.A. 39:4-

81. The officer testified the decedent, an elderly man, complained

of lower back pain. The decedent was taken to the hospital, where

he died six weeks later.

 The death certificate issued contemporaneously with the

decedent's death listed respiratory failure caused by bi-lateral

pneumonia as the cause of death. However, in 2014, the decedent's

estate obtained opinions from three medical experts and secured

 2 A-4157-15T4
an amendment to the certificate, listing the cause of death as a

motor vehicle accident. Decedent's estate has since filed suit

against respondent.

 After the Jackson police learned of decedent's death, they

referred the case to the fatal accident unit of the State Police.

On February 24, 2015, the State of New Jersey Motor Vehicle

Commission (the Commission) suspended respondent's license,

pursuant to N.J.S.A. 39:5-30, for sixteen months because his

actions in failing to observe a traffic control device contributed

to a fatality. Respondent appealed the suspension, and the matter

was heard in the Office of Administrative Law.

 At the outset of the hearing, the Administrative Law Judge

(ALJ) granted the decedent's daughter leave to participate,

limited to reading an impact statement. At the close of the

hearing, she read the impact statement into the record and

disclosed that the decedent had contracted MRSA during the hospital

stay.

 After considering the testimony of the officer and

respondent, and reviewing the medical reports, the ALJ determined

respondent caused the motor vehicle accident with the decedent.

The discussion then turned to the cause of the decedent's death.

 The ALJ found no reason to reject the amended death

certificate and accepted the motor vehicle accident as the cause

 3 A-4157-15T4
of death. The ALJ concluded respondent contributed to the fatality

and affirmed the suspension, while modifying it to six months

because of respondent's good driving record.

 Respondent appealed the decision to the Commission. The

Commission issued a Final Decision on May 27, 2016, upholding the

ALJ's determination and suspension. Respondent was granted a stay

of the suspension pending this appeal, which followed.

 On appeal, respondent argues the ALJ committed reversible

error in determining the decedent's death was a result of the

accident and abused her discretion by imposing a suspension.1

1
 We note respondent's amended notice of appeal (NOA) only lists
the April 14, 2016 order of the ALJ and not the final decision of
the Commission, however, respondent does discuss the final
decision in his case information statement. Rule 2:5-1(f)(3)(A)
provides, "it is only the judgments or orders or parts thereof
designated in the [NOA] which are subject to the appeal process
and review." Pressler & Verniero, Current N.J. Court Rules, cmt.
6.1 on R. 2:5-1 (2011). Nonetheless, we may consider orders not
referenced in the NOA if the civil case information statement
(CIS) places the adversary on notice of the intended scope of
appeal. See Ahammed v. Logandro, 394 N.J. Super. 179, 187-88
(App. Div. 2007). We may also consider an order not identified
in the NOA where "the basis for the motion judge's ruling on [an
order and subsequent order] may be the same. In such cases, an
appeal [from the subsequent order] may be sufficient for an
appellate review of the [earlier order], particularly where those
issues are raised in the CIS," Fusco v. Board of Education of
Newark, 349 N.J. Super. 455, 461 (App. Div.), certif. denied, 174
N.J. 544 (2002), by "clearly indicat[ing]" the earlier order is
"one of the primary issues presented by the appeal." Synnex Corp.
v. ADT Sec. Servs., Inc., 394 N.J. Super. 577, 588 (App. Div.
2007).

 4 A-4157-15T4
 We have a limited role in reviewing administrative agency

decisions. Brady v. Bd. of Review, 152 N.J. 197, 210 (1997). We

will not overturn such decisions unless they are "arbitrary,

capricious or unreasonable" or "not supported by substantial

credible evidence in the record as a whole." N.J. Soc'y for

Prevention of Cruelty to Animals v. N.J. Dep't of Agric., 196 N.J.

366, 384-85 (2008) (quoting Henry v. Rahway State Prison, 81 N.J.

571, 579-80 (1980)); In re Tukes, 449 N.J. Super. 143, 156 (App.

Div. 2017).

 N.J.S.A. 39:5-30(a) empowers the Commission to suspend a

motorist's driving privileges for violation of any of the

provisions of the motor vehicle statutes and imposes no limitation

on the length of the suspension. The Commission may rest his or

her decision upon a mere preponderance of the evidence. Cresse

v. Parsekian, 81 N.J. Super. 536, 548-49 (App. Div. 1963), aff'd,

43 N.J. 326 (1964). "In proceedings before an administrative

agency . . . it is only necessary to establish the truth of the

charges by a preponderance of the believable evidence and not to

prove guilt beyond a reasonable doubt." Atkinson v. Parsekian,

37 N.J. 143, 149 (1962) (citations omitted).

 Here, the ALJ's findings and conclusions with respect to

respondent's violation are supported by witness testimony and

other evidence presented at the hearing. In its final decision,

 5 A-4157-15T4
the Commission adopted the ALJ's findings and conclusions in whole,

including the reduction of respondent's license suspension. We

need not discuss whether respondent violated N.J.S.A. 39:4-81,

failure to observe a traffic control, because he pled guilty to

that violation in municipal court. The focus of our discussion

is limited to whether the resulting accident caused the decedent's

death.

 Among other things, the ALJ determined (1) respondent

acknowledged failure to observe the traffic light caused the

accident, (2) the decedent passed away because of the accident,

and (3) the unrebutted death certificate indicated the accident

was the cause of death. The ALJ then rejected respondent's

unsupported suggestions that decedent's estate amended the death

certificate to gain advantage in a related civil lawsuit or that

the decedent died because of other conditions contracted in the

hospital.

 Based upon our review of the record, we take no issue with

these determinations by the ALJ.

 We next consider respondent's argument that the imposition

of a six-month suspension was arbitrary and unreasonable.

Generally, "in reviewing administrative agency decisions, we

accord substantial deference to an agency head's choice of remedy

or sanction, seeing it as a matter of broad discretion, especially

 6 A-4157-15T4
where considerations of public policy are implicated." In re

Herrmann, 192 N.J. 19, 34-35 (2007) (quoting Div. of State Police

v. Jiras, 305 N.J. Super. 476, 482 (App. Div. 1997), certif.

denied, 153 N.J. 52 (1998)). Here, the penalty was within the

numerical parameters of the Commissioner's delegated authority

under N.J.S.A. 39:5-30(a). However, in Cresse, we said

 The Director must weigh each case
 individually, to determine whether a
 suspension is required at all for the purposes
 above mentioned, and, if so, for how long.
 Among other things, he should consider the
 facts which constitute the particular
 violation; whether the motorist was willful
 or reckless, or merely negligent, and, if
 merely negligent, how negligent; how long the
 motorist has been driving; whether this is his
 first offense; whether he has been involved
 in any accidents; his age and physical
 condition; whether there were any aggravating
 circumstances, such as drinking, or, on the
 other hand, whether there were extenuating
 circumstances. Upon these and all the other
 facts and circumstances, he should determine
 whether it reasonably appears, as a matter of
 prophylaxis and not of punishment, that the
 motorist should be kept off the highway, and,
 if so, for how long.

 [Cresse, supra, 81 N.J. Super. at 549.]

 Here the ALJ considered respondent's minimal driving record

and gainful employment, and determined respondent's actions were

not willful or reckless but merely negligent. The decision to

suspend respondent's driving privileges for six months, as a means

of "prophylaxis and not of punishment," was based on respondent's

 7 A-4157-15T4
"refus[al] to accept that the accident he caused had effects

subsequent to the incident itself." This finding stemmed from

respondent's legal argument he should not be subject to suspension

based upon a death certificate amended three and one half years

after decedent's death. Based on our review of the record, we do

not consider this an appropriate aggravating factor, and consider

the imposition of a term of suspension for six months on that

basis an abuse of discretion. We thus remand the matter to the

Commission to determine anew on proper factors whether a suspension

is required, and if so, for how long.

 Remanded for reconsideration of the term of suspension,

consistent with this opinion. We do not retain jurisdiction.

 8 A-4157-15T4