Commonwealth *v.* Gross, Appellant.

Argued June 14, 1960. Before Rhodes, P. J., Gunther, Wright, Woodside, Ervin, and Montgomery, JJ. (Watkins, J., absent).

*Thomas A. Ehrgood,* for appellant.

*Elmer T. Bolla,* Deputy Attorney General, with him *Anne X. Alpern,* Attorney General, for Commonwealth, appellee.

OPINION BY WOODSIDE, J., September 16, 1960:

This is an appeal from an order of the Court of Common Pleas of Lebanon County dismissing an appeal from an order of the Secretary of Revenue suspending the operator's license of the appellant. The secretary suspended the license upon receiving notice of the conviction of the appellant for a motor vehicle law violation in New Jersey.

We heard argument on this appeal the day before our opinion was filed in *Commonwealth v. Halteman,* 192 Pa. Superior Ct. 379, 162 A. 2d 251 (1960), which decides all of the questions presented here except one.

The secretary is authorized by §615(e) of The Vehicle Code of May 1, 1929, P.L. 905, as amended, 75 P.S. §192(e) to suspend a person's license to operate a motor vehicle in Pennsylvania "upon receiving notice of the conviction of such person in another state." We said in *Commonwealth v. Halteman,* "This notice, of course, must be an *official* notice from that state."

The new question presented here is whether the notice received from New Jersey by the Pennsylvania Secretary of Revenue, and introduced into evidence before the court below during the hearing de novo, was an "official notice." It is contended by the appellant that it was not an official notice because the documents containing the information of the violation, conviction, fine and suspension of the appellant's privilege to drive in New Jersey were not signed.

We have examined the original record. Three separate papers were received from New Jersey and introduced into evidence together as Commonwealth Exhibit No. 1. One was headed "Magistrate's Report: Disposition of Violation of Title 39: R.S." and another was headed "Notice of Revocation." The first document has no signature and no place on the form for a signature. The "Notice of Revocation" has a typewritten signature of Frederick J. Gassert, Jr., Director, Division of Motor Vehicles. These documents show that the appellant was operating his Cadillac sedan on August 9, 1958 on U. S. 30 in Pilesgrove Township, Salem County, New Jersey, when he "Lost control of vehicle and struck telephone pole, submitted to examination and found to be intoxicated, .193 alcohol content." They also show that his case was heard by Magistrate Wm. C. Vincent in Salem County, N.J. and that the appellant was fined $200. By the Notice of Revocation the appellant was advised that his privilege to operate in New Jersey was suspended for two years because he had been driving while under the influence of intoxicating liquor. To these papers was attached a letter addressed to the Director of the Bureau of Highway Safety, Harrisburg, Pa., stating that enclosed was a copy of Notice of Revocation and copy of magistrate's conviction report card in the name of appellant. The letter also stated that appellant's

driving privilege in New Jersey had been revoked. This was *signed* by Frederick J. Gassert, Jr., Director, Department of Law and Public Safety, Division of Motor Vehicles, State of New Jersey.

These papers taken together constitute an official notice of the quality required by §615(e) of The Vehicle Code, supra, and referred to in *Commonwealth v. Halteman,* supra. It is not necessary that each of the forms be signed. It is sufficient that the letter which refers to the other documents contains the signature of the New Jersey official.

The appellant had an opportunity to appear and be heard both before the secretary and the court below, but chose to present no evidence. The notice of the violation in New Jersey and the correctness of the information contained in the exhibit remain undenied in the record.

Order affirmed.