# Witsch Motor Vehicle Operator License Case.

Argued December 14, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Elmer T. Bolla,* Deputy Attorney General, with him *Anne X. Alpern,* Attorney General, for Commonwealth, appellee.

*Edward J. Hardiman,* with him *Pearlstine, Salkin & Hardiman,* for appellee.

OPINION BY WOODSIDE, J., March 22, 1961:

This is an appeal by the Commonwealth from an order of the Court of Common Pleas of Montgomery County reversing the order of the Secretary of Revenue suspending the motor vehicle license of John Frederick Witsch for one month.

Section 618(e) of The Vehicle Code of 1959, P. L. 58, 75 P.S. §618, provides: "The secretary is hereby authorized *after a hearing* before the secretary or his representative, or upon failure of the said person to appear at such hearing, to suspend the operator's license or learner's permit of any person licensed in this Commonwealth, *upon receiving notice* of the conviction of such person in another state of an offense therein which, if committed in this Commonwealth, would be grounds for the suspension or revocation of the license of an operator." (Emphasis supplied.)

When an appeal is taken to the court of common pleas from a suspension made by the secretary under the above provision, the Commonwealth should offer into evidence the notice which it received of the appel-

lant's conviction. The licensee must be given an opportunity to be heard, at which time he may testify and present other evidence that he was not convicted "in another state of an offense therein which, if committed in this Commonwealth, would be grounds for the suspension or revocation of the license of an operator."

If the requisite notice was given to the secretary, and if the appellant does not deny the conviction, it is the duty of the court of common pleas to sustain the suspension imposed by the secretary. If the requisite notice was not given, or if the appellant establishes by his evidence that he was not convicted of such offense, then the court should reverse the action of the secretary. *Commonwealth v. Halteman,* 192 Pa. Superior Ct. 379, 385, 386, 162 A. 2d 251 (1960).

Evidence of the circumstances of the violation is admissible before the secretary to aid him in determining the length of the suspension. The circumstances of the violation are not relevant on appeal to reduce the period of suspension, but may be admissible if they throw light upon whether the appellant was convicted of an offense described in the above provision. See *Anen Motor Vehicle Operator License Case,* 194 Pa. Superior Ct. 379, 169 A. 2d 600 (1961).

The only question presented here is the sufficiency of the evidence of the notice received by the Secretary of Revenue concerning the alleged violation by Witsch in the State of Delaware.

The Secretary of Revenue received a notice of the conviction in Delaware, held a hearing, and notified Witsch that his license was suspended for one month under §618(e) of The Vehicle Code, supra, because he was convicted of speeding in the State of Delaware which would be a violation of §1002(b)(4) of the Pennsylvania Vehicle Code, supra, 75 P.S. §1002(b)(4). Witsch then appealed to the Court of Common Pleas of Montgomery County.

At the hearing, the Commonwealth introduced into evidence, as an exhibit, the notice of conviction which it had received. This exhibit consisted of two printed forms, one an arrest report by a policeman and the other a conviction report by a magistrate. These documents indicate that John Frederick Witsch, of 1209 Wakefield Road, Doylestown, Pennsylvania, was arrested for speeding at 65 miles per hour in a 45 mile per hour speed limit zone at 4:55 A.M. on December 10, 1959, at a specific location in the State of Delaware, and that he pleaded guilty before Magistrate Frank J. Corello, Jr., and was fined $35, which he paid along with $4.50 costs. The one document was designated by its printed form as a Traffic Arrest Report, Delaware Memorial Bridge Police. The other document indicates that it is a report designed to be made to the Motor Vehicle Commission, Dover, Delaware, by the court (in this case a magistrate), and is identifiable as the disposition of the particular arrest by the corresponding number with the arrest report, the name and address of the person arrested, the arresting officer and the trial date. These two papers are stamped on the back "Received Dec. 15, 1959, Driv. Imp. Div."

The two documents constitute sufficient "notice of the conviction of [the appellee] in another state of an offense therein which, if committed in this Commonwealth, would be grounds for suspension." It is an official notice in that it is the report of the magistrate who imposed the fine and the policeman who made the arrest.

The officers of other states who notify the secretary of convictions in their states and the forms which they use must be expected to vary materially from state to state. A uniform method of reporting would be better. Many questions concerning the sufficiency of the notice of convictions now being litigated would never have arisen had a form providing all the necessary in-

formation of a conviction been adopted by all the states, and the information certified by a similar state officer in each case. However, we are not concerned here with what is an ideal notice, but what is sufficient proof of adequate notice.

The legislature required only "notice" of conviction in another state. It did not require a certification or a certified record of the conviction as it did from the clerk of the courts and the public utility commission for certain offenses referred to in §616 and §617 of The Vehicle Code, supra, 75 P.S. §616 and §617. The reason is obvious. Under §616 and §617, supra, the secretary acts upon the certification without a hearing. When the secretary receives a notice of conviction in another state of an operator licensed in Pennsylvania, he can do nothing until after he holds a hearing, thus giving the operator an opportunity to affirm or deny the conviction. The appellee in this case knows whether or not he was convicted of speeding in the State of Delaware in December 1959. He had an opportunity to challenge the truth of the notice of conviction when he appeared before the secretary, and later before the court.

A hearing on the question of suspension is not a criminal procedure. The question is whether the operator may continue to exercise a privilege. Procedural and evidential burdens may be placed upon those seeking to exercise a privilege that may not be placed upon those charged with crime, or even upon those defending property rights. For example, one seeking the privilege of operating a motor vehicle on the Commonwealth's highways is required to take an examination in order to prove to the Commonwealth that he is worthy of the privilege. Not only one seeking the privilege for the first time, but also, under certain circumstances, one wishing to continue the privilege already granted, may be required to establish to the Common-

wealth's satisfaction that he is worthy of such privilege. There is, therefore, nothing unconstitutional, illegal, unfair or unusual for the legislature to authorize the secretary to say, in effect, to a licensee: "We have received notice of your conviction of a certain offense in another state, which indicates an abuse of your privilege to operate a motor vehicle. You have the opportunity to appear and deny that you were convicted of such offense. If you do not deny the conviction, we shall conclude our information is correct, and we shall suspend your privilege to operate."

The legislature might have said that the secretary could suspend an operator's license after his "conviction" of certain offenses in another state, or after a "certification" of his conviction or after "proof" of his conviction, all of which would have required more formal proof of the conviction. But it did none of these. It required only *"notice of conviction."*

We said in *Commonwealth v. Halteman*, supra, 192 Pa. Superior Ct. 379, 385, 162 A. 2d 251 (1960), the notice had to be an "official" notice. What we meant by "official" was not that the notice had to be in any particular form, but that the secretary could not act upon a notice received from one not in an official position. In other words, the secretary could not act upon a notice given by a private citizen acting as a mere informant.

The notice of the appellee's conviction for speeding in the State of Delaware, received by the secretary and introduced into evidence before the court on appeal, conformed with the requirements of §618(e) of The Vehicle Code, supra. The operator was given an opportunity to deny the conviction, but made no denial. The secretary was, therefore, authorized to refuse the appellee his operating privilege for one month. The court below should have affirmed on the basis of the evidence before it.

Order of the court is reversed and order of the Secretary of Revenue is reinstated.