# Hogan Motor Vehicle Operator License Case.

Argued March 19, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*William L. McLaughlin,* for appellant.

*Elmer T. Bolla,* Deputy Attorney General, with him *David Stahl,* Attorney General, for Commonwealth, appellee.

OPINION BY WOODSIDE, J., April 12, 1962:

This appeal is from an order of the Court of Common Pleas of Chester County sustaining a suspension imposed by the Secretary of Revenue.

The suspension was based on §618(e) of The Vehicle Code of 1959, P. L. 58, 75 P.S. §618, which provides that, "The secretary is hereby authorized . . . to suspend the operator's license . . . of any person licensed in this commonwealth, upon receiving notice of the conviction of such person in another state of an offense therein which, if committed in this commonwealth, would be grounds for the suspension or revocation of the license of an operator."

598

On. April 5, 1960, the appellant was charged with traveling 66 miles per hour in a 50 mile per hour zone in Mansfield Township, New Jersey. On or about April 13, 1960, he voluntarily paid the fine for that charge. The secretary received notice of this conviction on May 3, 1960, and after holding a hearing, suspended the appellant's license for a period of one month.

The only question raised on this appeal is the sufficiency of the notice of conviction sent by the State of New Jersey. Although the notice was lost after the hearing in the court below, an examination of the record of that hearing convinces us that the notice of conviction was sufficient. The notice had on it the fact that appellant was arrested, that he paid a fine of $15 and that the date of conviction was 4/16/60. This notice meets the standards of sufficiency that we established in similar cases. See *Commonwealth v. Halteman*, 192 Pa. Superior Ct. 379, 162 A. 2d 251 (1960); *Witsch Motor Vehicle Operator License Case*, 194 Pa. Superior Ct. 384, 168 A. 2d 772 (1961).

Order affirmed.