Gassoway Motor Vehicle Operator License Case.

Argued September 12, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

480

*Joseph A. Zane,* for appellant.

*Elmer T. Bolla,* Deputy Attorney General, with him *David Stahl,* Attorney General, for Commonwealth, appellee.

OPINION BY WOODSIDE, J., November 15, 1962:

The motor vehicle operator's license of the appellant was suspended for two months by the Secretary of Revenue after he had received notice from the New Jersey officials that the appellant paid a fine of $10 for operating a tractor-trailer at 50 miles per hour in a 40 miles per hour speed zone. Upon appeal to the Court of Common Pleas of Schuylkill County, the Secretary's order of suspension was affirmed.

The appellant contends, as has been done in a number of other cases decided by this Court, that the notice from New Jersey was insufficient. The notice showed an arrest of the appellant by New Jersey state police for operating at "50 M.P.H. In a 40 M.P.H. Zone" on December 31, 1960, and disposition of the case on January 31, 1961 by payment of a $10 fine. The notice was sufficient. *Commonwealth v. Halteman,* 192 Pa. Superior Ct. 379, 162 A. 2d 251 (1960); *Commonwealth v. Gross,* 193 Pa. Superior Ct. 46, 163 A. 2d 682 (1960); *Witsch Motor Vehicle Operator Li-*

*cense Case,* 194 Pa. Superior Ct. 384, 168 A. 2d 772 (1961) ; *Hall Motor Vehicle Operator License Case,* 196 Pa. Superior Ct. 346, 175 A. 2d 534 (1961) ; *Hogan Motor Vehicle Operator License Case,* 197 Pa. Superior Ct. 596, 180 A. 2d 100 (1962). The appellant's testimony that he was not convicted and paid no fine and that the $10 he paid was only for costs was not believed by the court below, which is understandable by anyone reading the testimony.

The appellant was convicted of one motor vehicle violation in 1959 and two prior violations in 1960. He also had two accidents in 1960, one involving property damage of $10,400. This record of violations and accidents was admitted into evidence by the court below over the objection of the defendant. This record showed that the Secretary did not abuse his discretion in imposing a two month suspension in this case. The record showed also that the appellant's license was restored only a few days before the present violation after a 15 day suspension. The appellant objects particularly to the admission of the record of accidents. The fact that a person was involved in an accident cannot, standing alone, justify a suspension without evidence of his carelessness, but the accident record is admissible in the court below so that the court may have all available information concerning the person's operating record to show whether or not the penalty imposed by the Secretary was so severe as to constitute an abuse of discretion. If the operator's record of accidents clearly demonstrates that the violator is accident prone, this fact may be considered by the Secretary in determining the length of suspension. A license to operate a motor vehicle on the public highways is a privilege which the Commonwealth limits to those who can and will do so with a reasonable degree of safety to themselves and to the other users of the highways. *Sheehy Motor Vehicle Operator License*

482

*Case,* 196 Pa. Superior Ct. 122, 129, 173 A. 2d 752 (1961).

Order affirmed.