**Lyszaz License**

544

*W. S. Calderwood*, for appellant.

*E. H. Beshlin*, for Secretary of Revenue.

FLICK, P. J., November 27, 1963.—Before the court is the appeal of Frank B. Lyszaz from an order of the Secretary of Revenue suspending his motor vehicle operator's privileges for a period of three months from August 8, 1962.

The suspension was made under section 618(e) of The Vehicle Code of April 18, 1959, P. L. 58, as amended, on the ground that the secretary received notice of appellant's conviction of speeding in New York State and after hearing before an examiner of the Bureau of Traffic Safety of the Pennsylvania Department of Revenue. On presentation of the petition for appeal, an order was made setting a date for hearing with 30 days notice to the Secretary of Revenue and providing that the order act as a supersedeas. No answer was filed but an appearance was entered by counsel for the Commonwealth.

At the hearing, the sole evidence produced by the Commonwealth was a certified copy of appellant's driving record as it appears in the files of the Bureau of Traffic Safety in Harrisburg, Pa.: Commonwealth's exhibit no. 1. The form used is blank under the heading "Accidents". It has two items under the heading "Arrests" and one under the heading "Revocation and Suspension", as follows:

ARRESTS

"Date           11/11/59
"Offense        Speeding 65/50
"Penalty        Convicted (Warning)

"Date           1/25/62
"Offense        Speeding 50/35 in New York
"Penalty        Convicted (Suspension)

REVOCATIONS AND SUSPENSIONS

"Date           8/8/62
"Term           3 Months
"Reason         Speeding 50/35 in New York
"Court or Dept.
  Hearing
"Restored       Restored 8/16/62 Pending Appeal"

After placing the foregoing report in evidence, the Commonwealth rested its case. Testimony was then given by appellant in support of his appeal. He also put in evidence photographs showing the nonresidential, rural character of the neighborhood along the street where he was stopped for speeding, near the city line in Jamestown, N. Y., on January 25, 1962. These exhibits were admitted over objection by the Commonwealth. This completed the evidence and counsel made oral argument to the court. The briefs filed have been carefully considered and the matter is ready for decision.

The hearing on appeal from a suspension order by the Secretary of Revenue is de novo, and " '. . . the hearing judge is required to make his independent findings of fact and exercise his discretion whether or not a suspension should be decreed' ": Commonwealth v. Strobel, 375 Pa. 292, 295. Pursuant to this rule, the court makes the following findings from the evidence.

*Findings of Fact*

1. Appellant is 21 years old, is married and at the time of his hearing had a child 13 months old and another expected in two months. He has been a licensed driver in Pennsylvania since he was 16 and has never had an accident.

2. Appellant resides in the village of Garland, Warren County, Pa. He is employed by Hyberson Carborundum Company at Falconer, N. Y., more than 30 miles from his home. He customarily drives to and from his work.

3. On January 25, 1962, appellant worked on the night shift. On his way home, he stopped at a restaurant in the City of Jamestown, where he had some coffee and doughnuts and he then drove toward home. The speed limit in the City of Jamestown is 25 miles per hour, a fact which is shown by a sign at the city line. As appellant drove toward the city line, he exceeded the speed limit. About one block from the city line he was stopped by a Jamestown police officer for exceeding the speed limit.

4. The street along which appellant travelled at a speed in excess of 25 miles per hour is in a rural neighborhood. There are no dwelling houses on either side of the street. There are no curbs or sidewalks. The only buildings within about 1,000 feet of the city line are a factory on one side of the street and a hot-dog stand on the opposite side. The offense occurred at about 3 a.m. There was no traffic on the street. The weather was clear, visibility good and the street dry.

5. The policeman who stopped appellant took him to the police station and told the officer in charge to book him for driving 50 miles per hour in a 25-miles-per-hour zone. Appellant made no comment but posted $25 bail for appearance and then drove on home.

6. To answer the charge of speeding, appellant appeared in the city traffic court of Jamestown the next

morning. The magistrate told appellant he was charged with driving 50 miles per hour within the city limits and asked appellant if he had committed this offense. Appellant said "No"; that he was driving at 35 miles per hour and would plead guilty to that effect. Appellant was then informed by the magistrate that the case was closed; that he had been exceeding the speed limit by 10 miles per hour, and he should have noticed the sign at the city limits indicating that the speed limit in the City of Jamestown was 25 miles per hour. Appellant paid a fine.

7. The policeman who filed the charge against appellant did not appear before the magistrate. No testimony was heard as to appellant's speed except his own statement that he drove at 35 miles per hour. Evidence that appellant was driving 50 miles per hour was before the magistrate only in the form of an information filed by the absent policeman.

8. Appellant was guilty of speeding in the City of Jamestown whether he drove at 50 miles per hour or 35 miles per hour. In view of appellant's denial, the magistrate could not lawfully find him guilty of speeding at 50 miles per hour without a hearing and testimony by the arresting officer.

9. Appellant entered a plea of not guilty to the charge of driving 50 miles per hour. He entered a plea of guilty to driving at 35 miles per hour, and this plea was accepted by the magistrate.

10. About five months after he appeared before the magistrate in Jamestown, N. Y., appellant had a hearing before an examiner of the Pennsylvania Bureau of Traffic Safety. He was the sole witness and again he admitted driving 35 miles per hour and denied that he drove 50 miles per hour. About three months after the Pennsylvania hearing, appellant received official notification from the Bureau of Traffic Safety that his operator's privileges were suspended for a term of three

months under section 618(e) of The Vehicle Code, based on a violation in New York State similar to section 1002(b). Four days after receiving this suspension notice, appellant filed his petition for appeal.

11. The only prior offense shown on appellant's driving record is a conviction for speeding on November 11, 1959, driving 65 miles per hour where the speed limit was 50 miles per hour, for which he received a warning from the Secretary of Revenue.

## Discussion

Authority for the suspension in this case is set forth in section 618(e) of The Vehicle Code of April 29, 1959, P. L. 58, as amended, April 28, 1961, P. L. 108, 75 PS §618(e) as follows:

"The secretary is hereby authorized after a hearing before the secretary or his representative, . . . to suspend the operator's license . . . of any person licensed in this Commonwealth, upon receiving notice of the conviction of such person in another state of an offense therein which, if committed in this Commonwealth, would be grounds for suspension or revocation of the license of an operator; but, if the operator's privileges of such person have been suspended in the other state, then such suspension shall be for the same period of time as that provided in the suspension by the other state, and no part of the suspension ordered by the secretary shall be served after the expiration of the suspension imposed by the other state."

Counsel for appellant argues that without the signs required by section 1002(b)(4) limiting speed to 25 miles per hour, not more than one-eighth of a mile apart it is not an offense in Pennsylvania to drive at 35 miles per hour or 50 miles per hour. This proposition is sound and the court so held in Commonwealth v. Beidler, 24 D. & C. 2d 352, citing Commonwealth v. Wolfgang, 120 Pa. Superior Ct. 252, and Commonwealth v. Annspach, 134 Pa. Superior Ct. 369. The

Beidler case was a prosecution for speeding at 45 miles per hour in the Borough of State College where a 35-miles-per-hour-speed-limit zone is marked by six signs. Defendant was found not guilty because three of the signs in the zone failed to comply with section 1002(b)(4), in that they were placed at intervals greater than one-eighth of a mile. The court was reticent to decide the case on a purely technical ground as defendant did drive 45 miles per hour, but could not do otherwise under the plain wording of The Vehicle Code.

The instant case is not a criminal prosecution and will not be decided solely on the point argued. The court finds persuasive the statements of Judge Woodside in Sheehy Motor Vehicle Operator License Case, 196 Pa. Superior Ct. 122 (1961). That case was an appeal from license suspension under section 618(e) after notice of conviction of speeding in New Jersey detected by radar, lawful at that time in New Jersey but not in Pennsylvania. The lower court reversed the order of the Secretary of Revenue but the Superior Court reinstated it. Appellant's radar-timed speed of 63 miles per hour on a 50-mile-per-hour highway was not denied. The precise point ruled on was that the "offense" of which notice of conviction was received by the secretary was the act of speeding, driving at a speed which exceeds the speed limit. Evidence required to convict in Pennsylvania is another matter. The excess speed detected by radar was not denied and was an offense which would be grounds for suspension if committed in this Commonwealth. The persuasive part of Judge Woodside's opinion, pages 127 and 128, reads as follows:

"If it were necessary for the Commonwealth to establish in each case of notice of conviction of an operator in another state that the evidence resulting in conviction and the procedure followed in that state met

all of the evidential and procedural standards of this Commonwealth, §618(e), supra, would be useless. The legislature could not have intended the Secretary of Revenue to be concerned in these license cases with the size of the other state's speed signs, their distance apart, whether the arresting officer was in uniform, when and how his detection device was tested, whether the conviction was before the nearest available magistrate and the unlimited other requisites for conviction which vary throughout the fifty states. In construing an act which requires construction, practical utility is to be considered. Pottsville Referendum Case, 363 Pa. 460, 467, 70 A. 2d 651 (1950)."

In the court's opinion, the statement above quoted is good law. In the instant case, however, there are weighty and persuasive facts beyond the technical differences of procedure and proof provided in the laws of New York and Pennsylvania. We have here an admitted offense of speeding in a 25-mile-per-hour zone which extended to the city limits of Jamestown, but at what rate of speed? Appellant testified that he drove at 35 miles per hour, and that before the magistrate he denied the 50-miles-per-hour speed with which he was charged. Appellant made the same denial and the same claim as to his rate of speed at the hearing before the examiner of the Pennsylvania Bureau of Traffic Safety.

Appellant's denial to the magistrate amounted to a plea of not guilty to the charge of operating his vehicle at a speed of 50 miles per hour. The prosecution was then required to produce proof that appellant was guilty as charged, but no proof was produced. The police officer did not appear. No testimony was heard to prove the charge. The magistrate could not lawfully find appellant guilty of speeding at a rate of 50 miles per hour. If he sent a notice to that effect to the Secretary of Revenue, how is appellant to be protected from

such unlawful, arbitrary and wholly unconstitutional procedure in a criminal case?

The only evidence that notice of a conviction in New York State was received by the Secretary of Revenue is the entry on appellant's driving record as hereinbefore shown. In the court's opinion, the receipt of notice provided for in The Vehicle Code cannot be proved in this fashion.

It has been held many times that it is necessary for the Commonwealth to put in evidence the notice of conviction received by the Secretary of Revenue. In Pharo Motor Vehicle Operator License Case, 195 Pa. Superior Ct. 1, the case was remanded to the court below because it refused to admit the notice of conviction, and the Superior Court said: ". . . there was no evidence in the record of the notice of conviction". In Commonwealth v. Halteman, 192 Pa. Superior Ct. 379 (1960) on page 385, the court said:

"It is necessary in appeals of this type for the Commonwealth to put into evidence the notice of conviction. When this is done the Commonwealth has made out a prima facie case, and acting upon it, the secretary and the court may suspend the license. The licensee must be given the opportunity to be heard. He has the right not only to deny that he was convicted, but also to present evidence of the circumstances of the alleged violation, and of other matters which might mitigate the offense."

In Witsch Motor Vehicle Operator License Case, 194 Pa. Superior Ct. 384 (1961), page 385, the court said:

"When an appeal is taken to the court of common pleas from a suspension made by the secretary under the above provision, the Commonwealth should offer into evidence the notice which it received of the appellant's conviction."

Failure of the Commonwealth to put in evidence the

notice received by the secretary was cured to the extent that appellant admitted his conviction. In Commonwealth v. Halteman, supra, the court said, on page 386:

"Ordinarily, we would remand the case so that the Commonwealth could introduce the evidence of the conviction which the secretary received from Indiana. Here, however, the appellant in his petition for appeal to the Court of Common Pleas admits that he paid a fine for the violation in Indiana. This constitutes an admission of conviction. It would be useless to remand the case to determine an admitted fact. The appellant was given an opportunity by the court below to present any evidence which he desired, but he did not take advantage of the opportunity during the first hearing, and failed to appear at a continued hearing."

The foregoing rule requires the court to find that appellant was convicted of speeding in New York State and notice thereof was received by the secretary, but the court cannot find that he was convicted by reason of driving at 50 miles per hour. The admission by appellant which excuses the failure to prove notice of conviction is his admission of speeding at 35 miles per hour in the 25-mile-per-hour speed zone. To that extent the proof of notice of conviction can be waived, but to that extent only.

It was argued by counsel for the Commonwealth that notice of conviction for speeding authorizes a suspension. This might hold for a one-month suspension but it is admitted that the three-months' suspension appealed from is based on a speed of 50 miles per hour under the schedule of penalties promulgated by the Secretary of Revenue. A portion of the schedule of penalties applicable to speeding is reviewed and approved in Stout Motor Vehicle Operator License Case, 199 Pa. Superior Ct. 182 ,(1962). The court notes that The Vehicle Code does not fix periods of suspension but

permits the secretary to exercise his discretion, and that he exercised a wise discretion in promulgating the schedule of penalties. The portion of the schedule applicable to the instant case is as follows:

| "<br>Section<br>of Code | Violation | Penalties by Offenses<br>Within Three-Year<br>Period.<br>1st | 2nd | . . . |
|---|---|---|---|---|
| . . . | | | | |
| 1002 (b) (4) | Speed—when<br>speed is in<br>excess of the legal<br>limit & speed is 50<br>mph or more<br>Speed over legal limit | | | |
| | 5 to 10 | * W | 1 mo. | |
| | 11 to 20 | 1 mo. | 2 mo. | |
| | 21 to 30 | 2 mo. | 3 mo. | |
| | . . . | . . . | . . . | |

\* Letter of Warning"

It is obvious that the three-months' suspension in this case is that provided in the schedule for a second speeding offense within a three-year period, in which offense the excessive speed is at the rate of 50 miles per hour: i.e., from 21 to 30 miles per hour over a legal limit of 25 miles per hour. If the Commonwealth had put in evidence the notice or a certified copy of an official notice received by the Secretary of Revenue, showing that appellant had been convicted in New York State of speeding by driving at 50 miles per hour where the legal limit was 25 miles per hour, then a prima facie case for a three-months' suspension would have been proved. It is not necessary to determine what the decision would have been had such proof been made. Under the rule above quoted from page 386 of Commonwealth v. Halteman, supra, a prima facie case was made out to the extent of appellant's admission,

that is his conviction of speeding at 35 miles per hour in a 25-mile zone. Such prima facie case does not authorize a suspension under the promulgated penalty schedule. Such penalties apply when the operator's speed is 50 miles per hour or more, and in excess of the legal limit.

When the illegal speed is less than 50 miles per hour, 35 miles per hour in a 25 mile-per-hour zone, for instance, the promulgated suspensions of not less than one month do not apply. In such case, the secretary is authorized by section 618(c) to suspend operator's privileges, but, under any view the suspension would have to be less than one month, the minimum suspension provided in the schedule. A 10-day suspension might be merited, depending on the whole circumstances, and certainly it would be within the secretary's authority and consistent with the promulgated schedules of suspension.

In this case, the Commonwealth not only failed to put in evidence the official notice of conviction in New York, but the evidence which was produced was not followed in applying the suspension schedule. Commonwealth's exhibit 1 shows appellant was convicted of speeding at 50 miles per hour in a 35-mile-per-hour zone. For such excess speed, the penalty is a two-months' suspension for a second offense, not a three-months' suspension. Certainly, there are no other facts to justify the longer suspension. In a recent Lawrence County case, Sweet License, 31 D. & C. 2d 52 (1963), the court found that a 60-day suspension was not made in accordance with the published schedule which called for a one-month suspension under the record facts, and the order of suspension was reversed.

Failure to put in evidence the notice of appellant's conviction results in a further inadequacy. The exhibit which was put in evidence, appellant's driving record in Harrisburg, shows a conviction of speeding and

suspension of license in New York. The effective date and the length of the suspension do not appear as they no doubt would have appeared in the official notice. Without such information, one cannot tell if the suspension appealed from complies with the provisions of the 1961 amendment to section 618(e) of The Vehicle Code. This matter is thoroughly discussed in Rockman License, 30 D. & C. 2d 618 (1962), in which the history of the 1961 amendment and the cases leading up to its enactment are discussed. There, appellant's driving privileges in New Jersey were suspended after a conviction for speeding for 30 days effective January 15, 1962, after notice of which his Pennsylvania license was suspended for two months from October 1, 1962. The court held that the purpose of the 1961 amendment was to prevent such double suspension; that the two-months' suspension by the Secretary of Revenue did not comply with the law and was void. The schedule of penalties was not mentioned.

A final reason for sustaining the appeal will be given. It has been stated above that under the facts before the court and pursuant to the promulgated schedule of suspension, the secretary had authority to suspend appellant's operator's privileges for a period of less than one month. However, under the provisions of section 620, the court's duty ". . . is not merely to determine whether the secretary had the authority to suspend, but whether upon the evidence heard de novo the licensee is 'subject to suspension,' i.e., whether the secretary should have ordered the suspension: Commonwealth v. Wagner, 364 Pa. 566; Commonwealth v. Funk, 323 Pa. 390": De La Rigaudiere License, 25 D. & C. 2d 469, 471 (1961).

In fulfilling its duty, the court cannot mitigate the penalty set by the Secretary of Revenue. It must sustain or reverse the secretary. See Witsch Motor Vehicle Operator License Case, supra, page 386. How-

ever, the court has the right to consider mitigating and extenuating circumstances. In Haas License, 27 D. & C. 2d 86, pages 88 and 89, the court said:

"But the duty of this court to hold a hearing de novo, and our right to consider mitigating and extenuating circumstances, are based, not upon any of the provisions of section 618, but rather upon the provisions of section 620, which are clearly applicable to *all* suspension appeals, irrespective of the basis of the suspension. The propriety of considering mitigating circumstances, under the provisions of section 620 (and its corresponding section, section 616, in the 1929 Vehicle Code) is firmly established in an unbroken line of cases going back to Commonwealth v. Funk, 323 Pa. 390, 399 (1936). In Commonwealth v. Wagner, 364 Pa. 566 (1950), in a footnote at page 569, are cited no less than 11 Supreme Court decisions to that effect, and there have been probably as many more since the Wagner decision, including, for example, Commonwealth v. Strobel, 378 Pa. 84 (1954); Commonwealth v. Emerick, 373 Pa. 388 (1953); Hergert Appeal, 384 Pa. 544 (1956). This principle has been reasserted and followed by the Superior Court, also, as recently as Commonwealth v. Halteman, 192 Pa. Superior Ct. 379, 386 (1960), significantly, a case involving an out-of-State conviction. Moreover, as noted by the Supreme Court in the Wagner case, supra, at pages 569-570, this interpretation of the statutory language of section 620 has been sanctioned by the legislature itself."

The mitigating facts of this case involve no conflict. Appellant has never had a motor vehicle accident; his sole prior offense was speeding, for which he received a warning from the Secretary of Revenue; his license was never suspended until the order appealed from; he travels 60 miles round trip daily to and from his place of employment and requires his license to support

his family. There are also the circumstances of his speeding in Jamestown, indicating no negligence, recklessness or danger to anyone. Such circumstances do not justify a three-months' suspension of appellant's operator's privileges.

For a final comment in connection with mitigating circumstances, it is noted that no appellate court case has been found reversing the lower court and reinstating a suspension order when the offense was speeding alone and the driving record of the licensee was good. In Commonwealth v. Moyer, 193 Pa. Superior Ct. 599 (1960), the out-of-State conviction was for an improper pass in face of oncoming traffic, and appellant had a record of eight prior violations. In Commonwealth v. Halteman, supra, the out-of-State conviction was for improper pass on curve or crest of hill, and appellant had three prior suspensions and eight violations in less than three years. The court said, page 386:

"Operators with such records should not be allowed to endanger the lives of law-abiding users of the highways".

In Petersen Motor Vehicle Operator License Case, 197 Pa. Superior Ct. 584 (1962), affirming the lower court decision which appears in 26 D. & C. 2d 571, the driving record of the licensee was excellent but the out-of-State offense was driving under the influence of intoxicating liquor. In Commonwealth v. Gross, 193 Pa. Superior Ct. 46 (1960), the out-of-State offense was driving under the influence of intoxicating liquor. In Stout Motor Vehicle Operator License Case, supra, the out-of-State offense was speeding but appellant had numerous arrests and convictions for speeding and traffic violations during the three years prior to his hearing. In Cassoway Motor Vehicle Operator License Case, 199 Pa. Superior Ct. 479 (1962), the out-of-State offense was speeding but appellant committed a viola-

tion in 1959, two in 1960, had two accidents in 1960 and his license had been suspended.

In Harris License, 29 D. & C. 2d 144 (1962), where the out-of-State offense was speeding, and appellant drove 60,000 miles a year for 35 years without an arrest for highway violations, the suspension was reversed.

On the evidence before the court, and for the reasons stated in this opinion, it is the conclusion of the court that the three-months' suspension ordered by the Secretary of Revenue is unwarranted and must be reversed.

*Order*

And now, November 27, 1963, it is hereby ordered that the appeal of Frank B. Lyszaz from the order of the Secretary of Revenue suspending his operator's privileges for a period of three months is sustained and the order is reversed, and the restoration of said operator's privileges pending the outcome of this appeal shall stand. As there appears to be no law for placing the costs on the Commonwealth in a case of this kind, the costs are to be paid by appellant.