## Gattoline Appeal

*Samuel A. Litzenberger*, for appellant.
*William H. Eastburn, 3rd*, for Commonwealth.

MONROE, J., April 7, 1966. — After hearing de novo on the within appeal from the suspension of appellant's operating privileges, we make the following

### FINDINGS OF FACT

1. Appellant, John Joseph Gattoline, resides at RD 1, Doylestown, Bucks County, Pa., and is a duly licensed operator of motor vehicles in this Commonwealth.

2. Appellant received from the Secretary of Revenue an official notification of withdrawal of his motor vehicle operating privileges, dated June 22, 1965, because "Convicted of speeding in the state of Delaware which would be a violation of Sec. 1002 (b) (6) of the Penna. Motor Veh. Code. 5-1-64". (Attached as exhibit A to the appeal petition).

3. The within appeal from said order of suspension was filed on July 2, 1965, and made a supersedeas. The appeal petition states, inter alia, that appellant "is not guilty of the alleged offense of which he is charged".

### DISCUSSION

At the hearing before us, the Commonwealth introduced in evidence an exhibit "C-1," a certified copy of notice by the Secretary of Revenue to appellant of departmental hearing. The notice is dated April 8, 1965, and recites: "This Department is in receipt of

notification from the State of Delaware that you were convicted of a violation of the Motor Vehicle Laws of that State. Penna. Code 1002-B6 Violated, Speeding 73/55, May 1, 1964-618-E". A notation is entered thereon to the effect that defendant did not appear at the departmental hearing, which was fixed for April 10, 1965, at 10:30 a.m. in the courthouse at Doylestown, Pa. Appellant, through his counsel, objected to the admission of the certified copy of the notification for the purpose of establishing that notice of the departmental hearing was in fact given by the secretary to appellant, or received by appellant. Since the appeal petition did not allege that notification of the departmental hearing was not forwarded to or received by appellant, it was too late to raise this question at the hearing de novo, the Commonwealth not having been put upon notice thereof.

Over objection of appellant's counsel, Trooper Samuel D. Harrell, of the Delaware State Police, was permitted to testify that on May 1, 1964, at a point approximately one mile north of Greenwood, in the State of Delaware, he arrested appellant for a speeding violation of 73 miles per hour in a 55 mile per hour speed zone; that he took appellant before Magistrate Faulk, of Greenwood, Del., where a formal charge was placed by him, the arresting officer, before the magistrate, against appellant for the speeding violation, and that a hearing was held thereon, at which appellant entered a plea of guilty. The officer produced and identified, and the Commonwealth offered into evidence as exhibit "C-3", first an arrest report made by the police officer, and then a conviction report made by the magistrate. These documents indicate that one John Joseph Gattoline, of R. D. No. 1, Doylestown, Pa., was arrested for speeding at 73 miles per hour in a 55 mile per hour speed zone, on Route 13, at 11:10 p.m. on May 1, 1964, at a point one mile north of Greenwood, Del.;

that a judgment of guilty was entered by Magistrate Paul H. Faulk, and that a fine of $25 was imposed. There is nothing in the evidence to show that these or similar documents had ever been forwarded to or were in the possession of the Secretary of Revenue. The officer testified that he had produced them from his own and the magistrate's records of the case. Appellant's counsel objected to the admission of these documents as evidence. The documents were received subject to appellant's objection, the hearing judge reserving decision on their admissibility. Appellant did not appear in person at the de novo hearing.

As of the date of his suspension order, the authority of the Secretary of Revenue to suspend motor vehicle operating privileges by reason of the conviction of the licensee in another State is found in section 618(e) of The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 PS §618, as follows:

"(e) The secretary is hereby authorized after a hearing before the secretary or his representative, or upon failure of the said person to appear at such hearing, to suspend the operator's license or learner's permit of any person licensed in this Commonwealth, upon receiving notice of the conviction and suspension of driving privileges of such person in another state for an offense therein for which he was (i) arrested by a member of the State police and which, if committed in this Commonwealth, would be grounds for suspension or revocation of the license of an operator; or (ii) arrested by someone other than a member of the State police for an offense which, if committed in this Commonwealth, would be adjudicated in a court of record and would be grounds for the suspension or revocation of the license of an operator".

In Commonwealth v. Halteman, 192 Pa. Superior Ct. 379 (1960), at page 385, it is stated:

". . . Under paragraph (e) the Commonwealth

must present evidence that the Secretary received 'notice of the conviction' of the licensee in another state. The notice, of course, must be an *official* notice from that state.

"It is necessary in appeals of this type for the Commonwealth to put into evidence the notice of conviction . . . ."

In Witsch Motor Vehicle Operator License Case, 194 Pa. Superior Ct. 384 (1961), at page 385, the court said:

"When an appeal is taken to the court of common pleas from a suspension made by the secretary under the above provision, [section 618(e) of The Vehicle Code of 1959], the Commonwealth should offer into evidence the notice which it received of the appellant's conviction. The licensee must be given an opportunity to be heard, at which time he may testify and present other evidence that he was not convicted . . . ."

The issues, therefore, are whether the Secretary of Revenue received an official notice of the alleged conviction of appellant in the State of Delaware, and, if so, whether appellant had, in fact, been convicted.

The Commonwealth has failed to put into evidence or offer into evidence any notice to, or received by, the secretary of the alleged conviction of appellant in the State of Delaware. Its evidence and offer of evidence is limited to the testimony of the State Police officer, the certified copy of the notice of departmental hearing ("C-1") the arrest report and magistrate's report ("C-3") and the official notification of withdrawal of appellant's operating privileges, attached as exhibit "A" to appellant's appeal petition. None of these is sufficient to establish the receipt by the secretary of "an official notice" of appellant's conviction in the State of Delaware of the offense of speeding. The testimony of Officer Harrell is irrelevant to the first issue, although it would have been relevant to the second issue,

which was not reached, namely, whether or not appellant had, in fact, been convicted of the speeding charge in the State of Delaware. Appellant's objection to the testimony of the officer in respect to the arrest should have been sustained. Also, the exhibit "C-3", constituting the officer's arrest report and the magistrate's report, are not relevant to the first issue, although they may have been in respect of the second issue, had they been properly authenticated. Appellant's objection to this exhibit is well taken and is now sustained.

For the foregoing reasons, we enter the following

### ORDER

And now, April 7, 1966, the within appeal is hereby sustained and the order of the Secretary of Revenue of June 22, 1965, suspending appellant's operating privileges for a period of two months, is hereby vacated and set aside.

Biester, P. J., and Fullam and Beckert, JJ., concur in the result.