Greer Motor Vehicle Operator License Case.

Argued June 11, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Elmer T. Bolla,* Deputy Attorney General, with him *William C. Sennett,* Attorney General, for Commonwealth, appellant.

No argument was made nor brief submitted for appellee.

OPINION BY JACOBS, J., September 11, 1969:

The Commonwealth has appealed from two orders of the Court of Common Pleas of Delaware County, both of which revoke orders of the Secretary of Revenue suspending the appellee's operator's license. Two suspensions are involved, each resulting from driving while the appellee's license was suspended under a prior suspension. We will treat both appeals to us in one opinion, as did the lower court.

On March 31, 1965, appellee was involved in an accident. Approximately one year later, on March 29, 1966, the Secretary of Revenue suspended his operator's license under section 1404 of The Vehicle Code, 75 P.S. §1404, for failure to post the security required of an uninsured motorist. Appellee did not appeal from that suspension.

By virtue of section 1407 of The Vehicle Code, suspension under section 1404 continues until the person suspended deposits the required security or satisfies the secretary that arrangements have been made concerning his liability, or until "[o]ne (1) year shall have elapsed following the date of such accident, and evidence satisfactory to the secretary has been filed with him that during such period no action for damages arising out of such accident has been instituted. . . ." 75 P.S. §1407(2). Appellee did nothing about the suspension and was arrested for driving on July 15, 1967, and again on October 14, 1967. On May 7, 1968, the suspension of March 29, 1966, was finally termi-

nated when appellee filed an affidavit with the secretary stating that during one year after the accident no action for damages was instituted.

Appellee was indicted twice in Delaware County for driving after suspension, a misdemeanor, once for the violation of July 15, 1967, and once for the violation of October 14, 1967. On March 28, 1968, he pled guilty to both indictments. Sentence was suspended on the offense of July 15, 1967, and for the later offense appellee was fined $200 and jailed for seven days. The court's action was certified to the Secretary of Revenue and on May 27, 1968, the appellee was notified that his operator's license was suspended for one year, effective June 6, 1968, for the violation of July 15, 1967. On August 7, 1968, he was notified that his operator's license was suspended for one year, effective August 20, 1968, for the violation of October 14, 1967. Appellee appealed to the lower court, which reversed both suspensions.

The lower court held that in No. 7684 of 1968, where sentence was suspended, there was no conviction upon which the secretary could suspend the appellee's license. The court also found that the original suspension in 1966 was improper because the secretary waited almost one year after the accident to issue the suspension. The court reversed the secretary on these two conclusions of law and its opinion that the suspensions were unfair and unjust.

In appeals of this nature our duty is to examine the testimony to determine whether the findings of the court below are supported by competent evidence and to correct any erroneous conclusions of law. The action of the hearing court may not be interfered with upon appeal except for a manifest abuse of discretion or error of law. *Commonwealth v. Halteman*, 192 Pa. Superior Ct. 379, 382, 162 A. 2d 251, 253-54 (1960).

In concluding that a plea of guilty on which sentence was suspended would not support a suspension, the court below was incorrect. The court reasoned that section 618(a)(2) of The Vehicle Code requires a conviction and that a plea followed by a suspended sentence is not a conviction. We do not believe, however, that a conviction in the technical sense must be presented to the secretary before he can suspend. Section 618(a)(2), 75 P.S. §618(a)(2), provides: "(a) The secretary may suspend the operating privilege of any person, with or without a hearing before the secretary or his representative, upon receiving a record of proceedings, if any, in which such person pleaded guilty, entered a plea of nolo contendere, or was found guilty by a judge or jury, or whenever the secretary finds upon sufficient evidence: . . . (2) That such person has been convicted of a misdemeanor, or has forfeited bail upon such a charge, in the commission of which a motor vehicle or tractor was used."

In our endeavor to ascertain the intention of the Legislature, we must construe this law, if possible, to give effect to all its provisions. Article IV, §51, Statutory Construction Act, 46 P.S. §551. Construed thus, it is apparent the Legislature intended that the secretary might suspend upon receiving a record of proceedings in which the driver pleaded guilty, entered a plea of nolo contendere, or was found guilty by a judge or jury of a misdemeanor. "Record of proceedings" connotes the acceptance and entry of the plea by the court and would prevent the secretary from acting on an unentered plea. In the alternative, the secretary must find upon sufficient evidence that such person has been convicted of a misdemeanor or has forfeited bail upon such a charge. Our interpretation is reinforced by referring to the immediately following subsection which provides that the secretary shall suspend the op-

erator's license "upon receiving proceedings in which such person pleaded guilty, entered a plea of nolo contendere, or was found guilty by a judge or jury" of drag racing, a misdemeanor. 75 P.S. §618(a.1). Moreover, strict construction of this section is unnecessary because suspension of an operator's license is not the imposition of a penalty, but a civil procedure to determine whether the operator may continue to exercise a privilege. *Levy Motor Vehicle Operator License Case,* 194 Pa. Superior Ct. 390, 169 A. 2d 596 (1961).

In holding that a plea of guilty and a suspended sentence do not constitute a conviction, the court below must have decided that this statute requires an application of the technical meaning of conviction. Technically "it means the ascertainment of the guilt of the accused and judgment thereon by the court, implying not only a verdict but judgment or sentence thereon." *Commonwealth v. Minnich,* 250 Pa. 363, 367, 95 A. 565, 566-67 (1915). "Conviction" also has a popular meaning as a verdict of guilty or a plea of guilty. *Commonwealth v. Palarino,* 168 Pa. Superior Ct. 152, 156, 77 A. 2d 665, 667 (1951). In *Commonwealth v. Minnich,* supra, it was held that the verdict of the jury without judgment by the court could not be introduced in the trial of an accessory to show the "conviction" of the principal. In *Commonwealth v. Palarino,* supra, we held that conviction must be given its strict technical meaning in order to impeach witnesses and that neither a verdict nor a plea will suffice, but that a suspension of sentence with probation was a sufficient judgment of conviction.

In this case the court accepted the plea of guilty and suspended sentence without imposing probation. In *Commonwealth v. Simmons,* 361 Pa. 391, 402, 65 A. 2d 353, 359 (1949), however, it is said that "a voluntary plea of guilty . . . is a confession made in formal

manner and, when accepted and entered by the court, is a conclusive determination of guilt and the equivalent of a conviction." We could logically say, then, that the appellee was "convicted" of the July 15th violation when the court accepted his plea and suspended sentence, although it failed to place the appellee on probation as required by the Acts of June 19, 1911, P. L. 1055, §1, as amended, 19 P.S. §1051, and August 6, 1941, P. L. 861, 61 P.S. §331.25, when the court does not impose sentence. See *Commonwealth v. Duff*, 414 Pa. 471, 200 A. 2d 773 (1964).

We prefer, however, to rest our decision on our interpretation of the statute that a technical conviction is not required when the secretary has a record of proceedings in which a plea of guilty was made, received and entered by the court. Any action of the court which accepts and enters the plea is sufficient adjudication of the defendant's guilt to authorize the secretary to act, especially in view of the civil character of suspension procedure.

The lower court also determined that the 1966 suspension was improper because the secretary had waited too long to invoke the provisions of section 1404(b) of The Vehicle Code, 75 P.S. §1404(b). That section states that the secretary "shall within sixty (60) days after the receipt of such report of a motor vehicle accident, suspend" the license of an uninsured motorist who fails to deposit the required security. The propriety of the 1966 suspension, however, was not before the court. The appellee never objected to or appealed from the 1966 suspension and served its full term. Only the two later suspensions were before the court and the circumstances of the original suspension could not be questioned.

In *Klitsch Motor Vehicle Operator License Case*, 213 Pa. Superior Ct. 53, 245 A. 2d 688 (1968), the

lower court considered a circumstance in connection with the suspension during which the operator drove, giving rise to the suspension from which he appealed. We stated that if he had some ground on which to attack the prior suspension he should have taken an appeal from it. We held that "[h]e failed to appeal and served the full term of that suspension, and its legality cannot now be questioned. A fortiori, the merits of that suspension cannot now be raised in an appeal from a later suspension." *Id.* at 58, 245 A. 2d at 691.

Whether an operator's license can be suspended for driving during an illegal or void suspension is not before us. In *Kowell Motor Vehicle Registration Case*, 209 Pa. Superior Ct. 386, 228 A. 2d 50 (1967), we held that the word "shall" in section 1404(b) of The Vehicle Code was directory only and that compliance within a reasonable time, even though exceeding sixty days, was sufficient to maintain the secretary's right to suspend. In that case we upheld a suspension imposed six months after the accident report was received. Thus, the 1966 suspension stands valid and unassailed on the record and its reasonableness is merely a circumstance which could be raised only in an appeal from that suspension.

Our holding, that the appellee could not on his appeal from the latest suspensions question the prior suspension, has sound basis in law. The Act of March 21, 1806, P. L. 558, Sm. L. 326, §13, 46 P.S. §156, provides that "[i]n all cases where a remedy is provided, or duty enjoined, or anything directed to be done by any act or acts of assembly of this commonwealth, the directions of the said acts shall be strictly pursued. . . ." In practice this has been construed to mean "that one who fails to exhaust his statutory remedies may not thereafter raise an issue which could have and

should have been raised in the proceeding afforded by his statutory remedy." *Commonwealth v. Lentz*, 353 Pa. 98, 104, 44 A. 2d 291, 293 (1945). "This is particularly true of special statutory appeals from the action of administrative bodies" and has been applied to defendants as well as plaintiffs. *Philadelphia v. Sam Bobman Dep't Store Co.*, 189 Pa. Superior Ct. 72, 149 A. 2d 518 (1959).

The 1966 suspension was imposed by an administrative agency, through the Secretary of Revenue, under the statutory authority of section 1404(b) of The Vehicle Code. The Code provides in section 1401 that any person aggrieved by an order of the secretary under the provisions of sections 1403 to 1411 may, within 45 days after notice of the order, appeal to the court in the county where he resides "for a trial de novo to determine whether such order . . . is lawful and reasonable." 75 P.S. §1401(b). As we have pointed out, the appellee did not appeal the order and served the suspension without protest. Any objections to the legality and reasonableness of his 1966 suspension should have been raised in a statutory appeal from that suspension and could not be raised in the appeal from the later suspensions.

The only issue before the lower court was the legality of the two suspensions resulting from driving during the 1966 suspension. No extenuating circumstances were offered in regard to those two offenses, which were voluntary acts of the appellee. Since the legal conclusions relied on by the court below to reverse the secretary were incorrect, and no other circumstances exist upon which the court could have relied, we must reverse its action.

The orders of the court below are reversed and the orders of the Secretary of Revenue are reinstated.