## Commonwealth *v.* Iorio.

Argued March 11, 1971, before Judges CRUMLISH, JR., MANDERINO and MENCER, sitting as a panel of three.

*Anthony J. Maiorana*, Assistant Attorney General, with him *Robert W. Cunliffe*, Deputy Attorney General, and *J. Shane Creamer*, Attorney General, for appellant.

No appearance for appellee.

OPINION BY JUDGE MENCER, April 22, 1971:

The Commonwealth has appealed from an order of the Court of Common Pleas of Luzerne County which reversed the Secretary of Revenue's action in suspending for sixty (60) days the operator's license of one Phil Iorio. This appeal raises a single question, that is, whether the lower court committed error when it re-

fused to admit into evidence an exhibit offered by the Commonwealth and marked for identification as "Commonwealth's Exhibit No. 2-C". The Commonwealth agrees that, if the lower court's ruling relative to the admissibility of this exhibit was correct, the court's order reversing the Secretary of Revenue's suspension was also correct and this appeal should be dismissed.

On November 21, 1969, Phil Iorio was arrested by Officer Theodosiritz, of the City of Philadelphia Police Department, and charged with violating Section 1028 (a) of The Vehicle Code, 75 P.S. §1028(a), by failing to stop at a red traffic light. At the time of the hearing before the court below, the Commonwealth attempted to prove, by the introduction into evidence of exhibit No. 2-C, that Phil Iorio had been convicted of this offense.

This exhibit consisted of two pages. The first page could be fairly characterized as a traffic ticket which was headed at the top with a seven digit number and the caption, "Traffic Violation", and which was signed and dated at the bottom by the arresting officer just below this printed statement: "The undersigned further states that he has just and reasonable grounds to believe and does believe, that the person named above committed the offense set forth, contrary to law and that a copy of this summons and complaint has been served upon said person as required by law."

The second page was headed, "Court Action and Other Orders." A series of lines and blanks fill up the entire page with designated lines for the signature of Judge or Clerk to indicate or certify as to the disposition of the matter. All of these lines and spaces, with the possibility of one exception, are blank. Perhaps this page can best be described by setting forth from the record the lower court's comments as he examined the exhibit at the time it was offered for admission into evidence:

"By the Court: Let me see that again. (Commonwealth's Exhibit No. 2-C examined by the Court.) By the Court: Where does it say here that he was convicted or that he paid a fine? Mr. Keller: It looks to me much like a traffic ticket that the State Police use. By the Court: There's nothing on the face of the first page that indicates any disposition of this case, this charge, whatsoever, that I can find. On the second page, which has no number or docket number or page number, or any identifying writing or printing which would make it the reverse side of the first duplicated page, there are a number of sections. There are no entries at all until the last two entries, and one entry says, 'Payment in the amount of ———— received as required.' Then there's a signature line, 'Signature of Judge or Court Clerk.' Upside down on that space there is a stamp which is really not decipherable, but appears to say, 'Report Number . . .' it could be '54, Feb. 16, 1970, Record in . . .' and it looks to me like PEQD Status. Then there's a little squiggle after that. Then if we turn it right side up again, we find the last section which states, 'As provided by the Vehicle Code as amended, I hereby certify that the Information on this copy of the Traffic Violation—Information and Notice To Appear is a true and correct abstract of the record of this court in this case', and there is a signature line with the printing, 'Signature of Judge or Court Clerk', and then there appears to be a very vague and again not decipherable reproduced signature that looks like John Blair or Blark or Blank, but I see no indication on here at all that this man entered a plea or that he was convicted or that he paid the fine. Now, Mr. Degillio, you take it and tell me what it indicates in your point of view. Mr. Degillio: I can find nowhere on the document where it does indicate that the fine was paid or any other disposition. The first page, of course, relates to the violation, as I decipher it. The second

page, which I can only surmise is the reverse of that wherein the system that is used in Philadelphia there should be disposition made thereof, the only indication is the caption, 'Report of Conviction'. However, they do not give us any disposition made. By the Court: Now let me ask a question. Is this last proposed exhibit Commonwealth's Exhibit No. 2-C? Mr. Degillio: This is No. 2-C, Your Honor. By the Court: Is that the exhibit on which the most recent action of the Secretary of Revenue is predicated? Mr. Degillio: Yes, Your Honor. Mr. Keller: Yes, Your Honor. Mr. Degillio: Yes, Your Honor, as is indicated on the Point Card, this is the last entry. By the Court: All right, the Court will sustain the objection to the admission of Commonwealth's Exhibit No. 2-C for the reasons stated."

At the conclusion of the hearing the lower court made the order from which this appeal was taken by the Commonwealth. Again extracting from the record, we note the following:

"By the Court: I don't see any reason why this shouldn't be disposed of by Order from the bench:

"Now, this 13th day of November, 1970, at 11:32 a.m., the Court having sustained Appellant's objection to Commonwealth's Exhibit No. 2-C on the basis that it does not categorically show the disposition by the Traffic Court of Philadelphia of the motor-vehicle violation charged to No. 1812237 with having occurred on November 21, 1969, the point total of the Appellant as of May 28, 1970, as indicated on Commonwealth's Exhibit No. 2, is seven (7) points, rather than twelve (12) points as calculated by the Commissioner of Traffic Safety. This being the case, since the total point accumulation on Appellant's point record is less than eleven (11), the action of the Secretary in suspending Appellant's motor vehicle operating privilege for a period of sixty (60) days hereby is reversed, and the

Secretary of the Department of Transportation is directed to reinstate Appellant's motor-vehicle operating privileges.

"Now, 11:37 a.m., Court adjourns."

It is readily apparent that the exhibit failed to show any disposition of the charge against Iorio and certainly did not indicate that a guilty plea, fine or sentence had been imposed or entered in the case.

Under Section 619.1 of The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 P.S. §619.1, the Secretary of Revenue is directed to maintain a record of convictions and enter on these records all convictions of any violation of the motor vehicle laws and to assign a number of points for each such conviction and to give suspensions in accordance with the table set out in Section 619.1(b), 75 P.S. §619.1(b), as well as under subsection (i), when a driver has accumulated eleven points. In *Virnelson Motor Vehicle Operator License Case*, 212 Pa. Superior Ct. 359, 243 A. 2d 464 (1968), it was held that on an appeal by a motor vehicle operator whose license has been suspended under Section 619.1, *supra*, the scope of review is limited to determining whether the driver was convicted and whether the Secretary of Revenue properly computed points and applied the mandatory provision of that section.

Judge JACOBS, in *Virnelson*, carefully pointed out what the Commonwealth must produce in order to establish that the defendant was convicted of some vehicle code offense. He wrote the following, at page 368: "At the hearing before the lower court the Commonwealth should produce the records of convictions received by the Department of Revenue from the magistrates and courts of record *in the proper form*, and the secretary's record compiled therefrom which justified the suspension. If these documents show that the suspension was given in accordance with the mandate of section 619.1, the Commonwealth has produced a prima facie case

for suspension." (Emphasis supplied.) We are in full agreement that this is the law that is to be applied here and that an essential condition thereof is that the records of conviction be in the proper form. We conclude that the record of conviction in question in the instant case was not in proper form. We must agree with the observation of the lower court when he said: ". . . I see no indication on here at all that this man entered a plea or that he was convicted or that he paid the fine." Even if we were to consider the "not decipherable reproduced signature" near the bottom of page two as that of a judge, it would not establish anything other than that the information and notice to appear were a true and correct copy.

In reaching the conclusion that in this appeal the Commonwealth's record of conviction is not in proper form, we would not intend that this decision should be considered as a departure from the line of decisions commencing with *Commonwealth v. Halteman,* 192 Pa. Superior Ct. 379, 162 A. 2d 251 (1960), which hold that payment of a fine constituted an admission of conviction.[1] We are not here attempting to increase the Commonwealth's burden of showing that a conviction resulted but simply in the instant case concluding, as did the lower court, that there was absolutely no

---

[1] For other cases holding records of conviction sufficient: See *Commonwealth v. Gross,* 193 Pa. Superior Ct. 46, 163 A. 2d 682 (1960); *Commonwealth v. Moyer,* 193 Pa. Superior Ct. 599, 165 A. 2d 100 (1960); *Witsch Motor Vehicle Operator License Case,* 194 Pa. Superior Ct. 384, 168 A. 2d 772 (1961); *Hogan Motor Vehicle Operator License Case,* 197 Pa. Superior Ct. 596, 180 A. 2d 100 (1962); *Stout Motor Vehicle Operator License Case,* 199 Pa. Superior Ct. 182, 184 A. 2d 108 (1962); *Gassoway Motor Vehicle Operator License Case,* 199 Pa. Superior Ct. 479, 185 A. 2d 671 (1962); *Baumer Motor Vehicle Operator License Case,* 212 Pa. Superior Ct. 372, 243 A. 2d 472 (1968); *Wall Motor Vehicle Operator License Case,* 212 Pa. Superior Ct. 376, 243 A. 2d 475 (1968).

evidence offered of a record of conviction relative to the arrest in question.

We likewise are in accord with the language in *Greer Motor Vehicle Operator Case,* 215 Pa. Superior Ct. 66, 72, 257 A. 2d 317, 321 (1969) : "We prefer, however, to rest our decision on our interpretation of the statute that a technical conviction is not required when the secretary has a record of proceedings in which a plea of guilty was made, received and entered by the court. Any action of the court which accepts and enters the plea is sufficient adjudication of the defendant's guilt to authorize the secretary to act, especially in view of the civil character of suspension procedure."

Here there is no record of a plea of guilty; a finding of guilt; payment of any fine or costs; sentence, or any other disposition of the charges against the defendant. Exhibit No. 2-C offered by the Commonwealth to establish a record of conviction is silent as to all of these matters. See *Commonwealth v. Shook,* 59 Luz. L. Reg. 23 (1968). We therefore must agree with the ruling of the lower court in not admitting the exhibit into evidence and must affirm its order reversing the action of the Secretary of Revenue in suspending defendant's motor vehicle operating privileges.

Order affirmed.

---

DISSENTING OPINION BY JUDGE CRUMLISH, JR.:

I dissent. The majority erroneously concludes that "there is no record of . . . payment of any fine or costs; . . ." This conclusion results from the fact that the back of Commonwealth's Exhibit C-2 is not marked or signed in the appropriate section for recording the payment of any fine. However, the front of Exhibit C-2 contains the notation "10.00 pd." and the stamped date "Dec. 30, 1969". It is clear from a thorough study of Exhibit C-2 that the violation alleged in that exhibit

was established by the subsequent payment of a ten dollar fine. Therefore, the decision of the court below sustaining appellee's objection to the admission of Exhibit C-2 was erroneous and must be reversed.

The courts of the Commonwealth should not be so naive or unsophisticated as to fail to recognize the obvious result of such common adjudications. They should not dwell upon the need for or worship "proper form" when the form itself clearly relates the substantive disposition of the charge. The inquiry of the court should be whether the form in any way communicates the necessary information, not that it was technically perfect in its execution.

Exhibit C-2 clearly shows a disposition of the charge therein and should have been admitted. I would reverse.